**Milton Kinsey, Plaintiff-Appellant, v. Ted Thompson, Defendant-Appellee.**

**Gen. No. 63-O-8.**

Fourth District.

November 21, 1963.

Lindauer, Nieman & Lindauer, of Belleville (Curt C. Lindauer, Jr., of counsel), and Aubrey B. Hamilton, of St. Louis, Missouri, for appellant.

Brady, Donovan & Hatch, of East St. Louis (Harold A. Donovan, of counsel), for appellee.

CULBERTSON, P. J.

This cause is before us as the result of an action for personal injuries, filed by Milton Kinsey, as plaintiff, as against Ted Thompson, as defendant, following an accident. Defendant filed a motion to dismiss the plaintiff's complaint on the ground that

the action was barred by the two-year Statute of Limitations applicable in such cases. Plaintiff then raised the defense of estoppel in pais against the defense of the Statute of Limitations, and filed affidavits, at the time fixed for hearing of defendant's motion to dismiss, setting forth that plaintiff personally discussed his claim with a claim representative of the insurance company carrying defendant's liability insurance; that thereafter the attorney for plaintiff proceeded with his claim, and received a letter requesting medical reports and information as to damages from the insurance company representative. On April 24, 1961, the affidavit states that copies of medical reports and a list of injuries was transmitted on behalf of plaintiff. The affidavit specifies that on the following day the Adjuster called the attorney and stated that he agreed that the settlement negotiations must contemplate a substantial payment and repeated that the plaintiff had earlier demanded payment of at least $15,000, and that he was quite certain that the plaintiff would expect an additional amount, including an amount to cover his attorney fees. The affidavit states that the adjuster then stated that in view of the situation he needed information in his file to support a substantial payment on the part of the insurance company, and requested evidence of loss of earnings suffered by plaintiff as the result of his injuries, and also requested a medical examination by a physician selected by the insurance company. The plaintiff was examined by a physician chosen by the insurance company, and thereafter a number of conferences were held in connection with evidence relating to loss of earnings. Apparently it was agreed that the injuries were permanent and partially disabling. The attorney for plaintiff made a settlement proposal of $25,000, and the adjuster then requested copies of plaintiff's income tax returns as proof of earned in-

come. On March 15, 1962, the adjuster was furnished with photostatic copies of plaintiff's partnership income tax returns for 1959 and 1960. The affidavit then proceeds to specify that numerous settlement conferences were held between the adjuster and the attorney prior to and subsequent to the expiration of the two-year statute of limitations. The two-year period from the date of the injury expired on July 6, 1962. Apparently liability was conceded by the adjuster and a reduced settlement demand was received by the adjuster on behalf of the defendant insurance company on August 7, 1962, in the amount of $20,000. No mention was made at that time of the statute of limitations, and the adjuster stated that he would report a counter offer after he had opportunity to consider the demand. On August 29, 1962, the attorney was advised for the first time that the insurance company had refused to authorize a counter offer or any payment on account of the claim because of the two-year statute of limitations. The attorney called the adjuster's attention to the fact that a good faith negotiation for settlement had been in progress prior to and following the two-year period; that notice of the claim had long been received, and that negotiations had been solely as to the question of the amount to be paid; and that the doctrine of estoppel would prevent invocation of the statute of limitations under such facts. The adjuster stated that he would discuss such matters with the home office and would advise the attorney. Thereafter, on September 3, 1962, he advised that he was instructed to maintain the position as to the statute of limitations unless a Court determined otherwise. After briefs and counter affidavits were filed on behalf of both parties to the cause, the Trial Court entered an order allowing the defendant's motion to dismiss on the ground that the action was filed after the two-year statute of limitations.

On appeal in this Court, plaintiff contends that the conduct of defendant's liability insurer in negotiating the proposed settlement prior and subsequent to the two-year period following the automobile accident, under circumstances shown in the affidavits, constituted an estoppel in pais by defendant against invocation of the statute of limitations, and constituted a waiver of any such defense, and that the question of whether or not there was, in fact, an estoppel or waiver, was a question for the jury and could not be summarily decided by the Trial Court upon defendant's motion to dismiss.

■ While the mere pendency of negotiations during a part of a period involved in the statute of limitations, conducted in good faith with a view to a compromise, is not a waiver of the statute of limitations and would not estop a defendant from setting up such defenses (Baker v. Baker, 161 Ill App 430, 441), conduct of an insurance company which induces plaintiff to a reasonable belief that his claim will be settled without suit, could constitute a waiver by estoppel to raising the defense of statute of limitations (Dickirson v. Pacific Mut. Life Ins. Co., 319 Ill 311, 319, 150 NE 256; Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Loomis, 142 Ill 560, 32 NE 424).

The circumstance, in the case before us, as specified by affidavit, that liability was in fact conceded and that the only question remaining was the amount of the settlement, and that negotiations to this end proceeded both before and after the period of the statute of limitations had run, in our judgment raised the question of fact so that the pleadings filed raising the issue of waiver or estoppel as to the statute of limitations should be inquired into factually before a jury, which was demanded in the cause. If plaintiff's contention is adequately supported by evidence, it is a

307

question of fact which should be determined by the jury.

We are aware that to permit the same jury to determine whether or not there had been a waiver of the statute of limitations and at the same time determine the question of liability and damages in the personal injury suit, would be violative of basic principles long announced in the Courts of this State. It would, therefore, be essential for a preliminary trial of the issue of waiver or estoppel to plead the statute of limitations, and thereafter, by a separate jury, if the jury should decide that there was in fact waiver or estoppel relating to the statute, of the basic issues in the personal injury action, by another different jury.

This cause will, therefore, be reversed and remanded to the Circuit Court of St. Clair County with directions that the matters relating to the question of statute of limitations and the plea thereof be tried and determined by a jury prior to and separate from the trial of the issues in the personal injury action, such ultimate trial to be proceeded with only if the said jury shall find under the facts as produced in the evidence that the statute of limitations was waived or that defendant was estopped to assert such defenses.

Reversed and remanded, with directions.

SCHEINEMAN and HOFFMAN, JJ., concur.