**Louis J. Devlin and Josephine Devlin, His Wife, Plaintiffs-Appellants, v. Louis J. Wantroba, Defendant-Appellee.**

Gen. No. 50,680.

First District, First Division.

June 27, 1966.

John J. Kelly, Jr., of Chicago, for appellants.

Querrey, Harrow, Gulanick & Kennedy, of Chicago (John F. Skeffington, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiffs brought suit in June of 1964 for injuries suffered in an automobile accident occurring in Chicago in May of 1962. Defendant filed his answer, along with a motion to dismiss, on the grounds that the action was not brought within two years after the occurrence from which it arose, and was therefore barred by virtue of the provisions of the applicable statute of limitations (Ill Rev

Stats, c 83, § 15 (1963)). In his reply to that motion, supported by affidavits, plaintiffs claimed that the defendant was estopped from asserting the statute of limitations as a defense by his insurer's conduct in negotiating toward a settlement of the case. The trial court, however, granted defendant's motion to dismiss the suit, and this appeal followed. Plaintiff here contends that the affidavits raised material and genuine disputed questions of fact relating to estoppel and waiver, and that those questions should have been submitted to a jury rather than being summarily decided by the trial judge.

Since the defendant did not file any counteraffidavits in support of his motion to dismiss, we must look to the affidavits of plaintiff himself, of his doctor, and of his lawyer, all filed on plaintiff's behalf, to determine whether a question was raised as to whether the conduct of the defendant's insurer in negotiating toward a settlement of the case constituted an estoppel in pais. According to those affidavits, at the time of the accident on May 27, 1962, plaintiff determined the name of defendant's insurer, and called the carrier's adjuster the following day. That evening a Mr. R. H. Schroeder of the adjuster's office visited the plaintiffs at their home and took their written statements. In the course of that visit Schroeder told plaintiffs, ". . . that he wanted us to get well as they had plenty of money." Thereafter, plaintiff called Schroeder periodically, and each time Schroeder asked for the doctor's report as to the injuries. Plaintiff told Schroeder that if he were interested in settling the case it was his duty to contact plaintiff's doctor, Henry J. Niemeyer. On November 10, 1962, Schroeder asked plaintiff for a list of their expenses to date, which was supplied a few days later, and assured plaintiffs that Mr. Devlin "did not need a lawyer; that he, Mr. Schroeder, could settle this case." Schroeder

thereafter attempted to obtain the doctor's report from Dr. Niemeyer, who told him about December 15, 1962, that he, "could not and would not render a medical report because of [his] findings." Schroeder told Niemeyer that he hoped plaintiffs would not get a lawyer because Schroeder, "had gone along with them so far."

On January 7, 1963, plaintiffs retained counsel, who on January 8th sent his attorney's lien to the defendant. On January 21, 1963, the adjusters wrote counsel, acknowledging his interest, requesting medical reports and various items of special damages, and closing as follows: "At such time as you are prepared to discuss settlement of this matter we will be pleased to take it up with you." Thereafter, Schroeder periodically called counsel requesting the medical reports, but counsel was no more successful in obtaining them than Schroeder had been. Each time the report was requested, Dr. Niemeyer told counsel that plaintiffs, "were still treating with him; that he could not state conclusively, based on medical certainty, whether or not Mr. Devlin's injuries were or were not of a permanent nature; that he would be derelict to his patient were he to render a medical report whilst his findings were inconclusive."

The period of limitations expired on May 27, 1964 (Ill Rev Stats, c 83, § 15 (1963)). On June 15, 1964, counsel received a medical report from Dr. Niemeyer, and forwarded copies to the adjuster. The adjuster informed him by telephone that since the period of limitations had expired the matter would be referred to the carrier. The complaint was filed on June 30, 1964.

 The basic test for determining whether a defendant's conduct in negotiating toward a settlement of a given case estops him from relying upon the statute of limitations was stated as follows in Dickirson v. Pacific Mut. Life Ins., 319 Ill 311, 150 NE 256:

386

The rule in this State and elsewhere, pertaining to waiver in a case of this kind, requires that the conduct of the party against whom such a waiver is claimed be such as to cause the other party to change his position by lulling him into a false security, thereby causing him to delay or waive the assertion of his rights to his damage. Negotiations for an adjustment of a claim which do not so justify the claimant in delaying action cannot estop the insurer from insisting upon a strict compliance with the conditions of the limitation. It is necessary and proper that claims of this character be investigated, and the fact that the insurer negotiates with the claimant is in nowise conduct amounting to a waiver by estoppel unless there is contained in the negotiation that which is calculated to lull the claimant into a false security. (319 Ill at 318).

The court observed that where there is sufficient evidence to go to the jury, the question of waiver is a question of fact; but concluded that on the facts of that case there was no evidence of waiver of the defense of the statute of limitations and that therefore the court had erred in refusing to take the case from the jury.

Kinsey v. Thompson, 44 Ill App2d 304, 194 NE2d 565, relied upon heavily by the plaintiffs, was an appeal from an order of the trial court granting the defendant's motion to dismiss on the grounds that the two-year period of limitations had expired. According to the plaintiff's affidavits in that case, liability had been conceded by the defendant's insurer, and the only question remaining was the amount of the settlement. Negotiations on that point proceeded both before and after the period of the statute of limitations had run. The Appellate Court reversed the dismissal of the suit, holding that

under those circumstances the question of waiver or estoppel was a question of fact which should be determined by a jury. 44 Ill App2d at 307, 308.

■ We have carefully reviewed the plaintiffs' affidavits in the case at bar, and conclude that there was no substantial question raised as to whether any conduct of the defendant or his insurer was calculated to lull the plaintiff into a false security, or in fact had that effect. Viewing the affidavits most favorably to the plaintiffs, they establish only that the adjuster investigated the accident and commenced settlement negotiations. Liability was never conceded in this case, as it was in Kinsey. Although about seven months after the accident the adjuster's agent urged plaintiffs not to employ an attorney, this apparently did not lull plaintiffs into a false security, for they employed counsel about a month later. Neither the plaintiffs nor their attorney were told not to file suit, or that a suit would not be necessary. Counsel, in his affidavit, did not aver that he took part in any settlement negotiations, or that any offers were ever made or rejected. The delay in the settlement negotiations appears to have resulted primarily from the unavailability of the doctor's report. In view of the efforts of the adjuster to obtain that report, we conclude that the delay occurred despite the efforts made on behalf of the defendant, not because of them.

Under these facts and circumstances, we are constrained to hold that the affidavits filed on plaintiff's behalf were insufficient in law to raise a question of waiver or estoppel, and that the trial court was correct in dismissing the complaint. The judgment must therefore be affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.