**Christy Suing, Plaintiff-Appellant, v. Robert D. Catton, Defendant-Appellee.**

**Gen. No. 69–36.**

Third District.
January 8, 1970.

Frederick W. Allen, of Peoria, for appellant.

Cassidy, Cassidy, Quinn & Lindholm, of Peoria, for appellee.

RYAN, J.

Plaintiff was injured while riding as a passenger in an automobile owned and operated by another. The automobile was struck by the defendant's car. The accident occurred on September 14, 1965. Plaintiff filed her Complaint for personal injuries on March 11, 1968, and demanded a jury trial. Defendant filed a motion to dismiss based upon the two-year statute of limitations. (Ill Rev Stats 1965, c 83, § 15.) Plaintiff filed an answer to the motion to dismiss and alleged therein that the defendant through his insurance company had waived his right to rely upon the statute of limitations and is estopped to assert the statute of limitations in bar to the plaintiff's claim. Plaintiff attached an affidavit in support of her answer to the motion to dismiss. No counteraffidavits were filed by the defendant. The trial court granted the motion to dismiss and ordered the cause stricken. This appeal followed.

The motion to dismiss was one properly filed under section 48, par 1(e) of the Civil Practice Act, which provides as a ground for such a motion "that the action was not commenced within the time limited by law." Ill Rev Stats 1965, c 110, § 48, par 1(e). Paragraph 3 of the same section of the Civil Practice Act provides that the opposite party may present affidavits or other proof denying the facts alleged or establishing facts obviating the grounds or defect. This paragraph then provides that if a material and disputed question of fact is raised the court may decide the motion upon the affidavits and evidence, but, the court shall deny the motion if it is an action of law and a jury demand has been filed by the opposite party in apt time.

The determining question in this appeal is whether there was a material question of fact raised by the affidavit filed by the plaintiff in opposition to defendant's motion to dismiss. We feel that a question of fact was raised by the plaintiff's affidavit and that the trial court erroneously granted defendant's motion to dismiss.

■■ The answer of the plaintiff to the defendant's motion alleged that the defendant through his insurance company has waived his right to rely upon the statute of limitations and is estopped to assert the statute of limitations in bar of the plaintiff's claim. Since defendant did not file a counteraffidavit, we must look to plaintiff's affidavit to determine whether a question of fact concerning waiver or estoppel has been raised. Devlin v. Wantroba, 72 Ill App2d 383, 218 NE2d 496. In the absence of a counteraffidavit, the facts set forth in plaintiff's affidavit must be taken as true. G. Chicoine v. John Marshall Bldg. Corp., 77 Ill App2d 437, 222 NE2d 712. We do not perceive, however, that the principal thus just stated requires that the trial court consider as admitted allegations of pure conclusions and we shall not so consider the same on this appeal. Tau Delta Phi v. Gutierrez, 89 Ill App2d 25, 232 NE2d 205. We shall

omit from the recitation of facts contained in the affidavit as hereinafter set forth the conclusion contained therein and objected to by the appellee on this appeal. Said conclusion being to the effect that the representative of the insurance company seemed to concede that the accident was his company's driver's fault and led the affiant to believe he would make a settlement with her.

Plaintiff's affidavit alleged that on September 14, 1965, while on a trip with her husband, the car in which she was riding was struck in the rear in Tazewell County, Illinois. When she returned to her home in Maryland she contacted an orthopedic surgeon. On November 13, 1965, Mr. Eklund from Aetna Life and Casualty Company stopped at her apartment while both she and her husband were at work, and left his card. She phoned Mr. Eklund the next day and gave him the name and address of the owner of the car in which she had been riding. She also told him of her injury, the complications such as the cervical collar she was wearing, the loss of work and expenses to date. Mr. Eklund continued to call her every two weeks for information concerning her visits to the doctor. In November, 1965, he sent her some forms regarding the accident. She attached certain information sheets concerning the accident to the forms and returned them to Mr. Eklund. Every time she talked with him he said he would keep in contact with her concerning her injuries and possible release from the doctor.

Early in 1966, Mr. Eklund issued a check to the owner of the car for repairs. The owner informed the plaintiff that the check was $50 less than the cost of repairs. She, in turn, called Mr. Eklund concerning the shortage. He told her to have the owner return the check to him. It was a mistake that they had not included the $50. The check was returned to Mr. Eklund. She never heard from Mr. Eklund again. In 1966, upon learning that the owner of the automobile had not received the corrected check, she again contacted Aetna and learned that a Mr. Cassidy

would handle her case. He told her the owner would receive a corrected check. A few weeks later the owner did receive another check for car repairs, but again it was $50 less than the cost of repairs. Mr. Cassidy said when they settled for everything, the $50 would be paid then.

When Mr. Cassidy took over the case it was agreed that instead of having him call her periodically to see if she was released from the doctor, she would call him each time she saw the doctor. This, she did and reported what the doctor had said each time. During the spring and summer of 1967, plaintiff made several unsuccessful attempts to contact Cassidy, but did contact him late in August or early in September, 1967, and told him her condition was the same. He said he would keep in touch and asked her if the doctor had released her yet. She replied that he had not.

Nothing was heard from Cassidy for awhile. Finally plaintiff's husband contacted him on December 12, 1967, and told him that plaintiff wanted to talk about her condition. On December 15, 1967, Cassidy called plaintiff and she told him of her condition and of the possible need of an operation. He said he was sending some medical forms to her doctor that day. Plaintiff called the doctor several times and learned that the forms had not been received. On December 19, 1967, she again called Cassidy. He said he would call her again at her home on that evening to talk to her concerning settlement. Mr. Cassidy did not call plaintiff as indicated. Several attempts were made by plaintiff and others of her family to again contact Mr. Cassidy. He was not in his office on those occasions and did not return the calls. Finally on February 13, 1968, Cassidy called plaintiff and informed her that the statute of limitations had run in September, 1967.

Both plaintiff and defendant have cited Dickirson v. Pacific Mut. Life Ins. Co., 319 Ill 311, 150 NE 256, which holds that the question of waiver is a question of fact

when there is sufficient evidence of such fact to go to the jury. The court also held in that case that the rule pertaining to waiver "in a case of this kind" requires that the conduct of the party against whom such a waiver is claimed is such as to cause the other party to change his position by lulling him into a false sense of security, thereby causing him to delay or waive the assertion of his right to damage. The court also held that the investigation of a claim and negotiations for a settlement do not amount to waiver by estoppel unless there is contained in such conduct that which is calculated to lull the claimant into a false sense of security. The court held in that case that there was no evidence of waiver.

█ Aside from stating general rules, the Dickirson case is of little assistance in deciding the case at bar. In Dickirson the last correspondence between the plaintiff's attorney and the defendant was nearly nine months before the expiration of the limitation period. The court found nothing in the correspondence which could lull the plaintiff into believing that his claim would be paid. Where the inducement for delay has ceased to operate before the expiration of the limitation period and the plaintiff has a reasonable time remaining within which to institute his suit, he cannot raise estoppel as an excuse for not filing his action within the time specified by the statute of limitations. Reat v. Illinois Cent. R. Co., 47 Ill App2d 267, 197 NE2d 860; 53 CJS, Limitations of Action, § 25. Under the facts in the Dickirson case, the court properly found that there was no question of fact concerning waiver by estoppel.

The defendant contends that the case of Devlin v. Wantroba, 72 Ill App2d 383, 218 NE2d 496, is similar to our case. We do not agree. The court in the Devlin case stated that the affidavits filed by the plaintiffs established only that the investigator had investigated the accident and commenced settlement negotiations. Liability was never conceded. Although the adjuster had urged

plaintiffs not to employ an attorney, they did, in fact, employ one more than 16 months before the period of limitations had expired. No offers were ever made or rejected. The delay resulted primarily from the unavailability of the doctor's reports. There were no negotiations nor discussions of the case after the expiration of the limitation period.

 By contrast to the factual situations which existed in the Dickirson case and in the Devlin case, in the case at bar the communications between the plaintiff and the representative of the defendant's insurance company commenced shortly after the accident and continued intermittently until five months after the statute of limitations had expired. At no time during this entire period was there any indication by the defendant's insurance company that it denied responsibility for the accident. Many of the contacts between the plaintiff and Aetna were concerned with furnishing information to Aetna relative to plaintiff's physical condition, and by themselves were not of such a nature as would lull the plaintiff into a belief that her claim would be paid, thereby causing her to delay filing her action. However, we must consider the constant concern which Aetna had concerning plaintiff's physical condition with the fact that a payment was made for the damage to the automobile. Also to be considered is the fact that when Aetna's attention was called to the $50 deficiency in the check made in settlement for the damage to the automobile, the representation was made by Aetna that this was a mistake and that the balance would be paid "when we settle for everything." The plaintiff was in contact with Aetna just a short time before the statute of limitations expired and furnished the usual report as to her physical condition, and at that time Aetna's representative had asked if the doctor had released her. When informed that he had not, Aetna's representative stated that he would keep in touch. At that time there was no indication made

by Aetna that it would not consummate a settlement of the plaintiff's claim or that it denied liability for her injuries. In fact, on December 15 and again on December 19 the plaintiff was in contact with Aetna and her physical condition was discussed. On the latter date some three months after the statute of limitations had expired, Aetna's representative told the plaintiff that he was going to call her at home to talk to her concerning settlement. We consider the factual situation just outlined to constitute more than mere investigation and negotiation which was held not to be evidence of waiver by estoppel in the Dickirson case and in the Devlin case. We consider the factual situation in the case at bar to contain evidence which the jury has a right to consider in determining whether there has, in fact, been a waiver by estoppel. In neither the Dickirson case nor the Devlin case was there any evidence from which a jury could determine that the defendant's insurance company had admitted liability. In our case we consider the facts as set out in the affidavit concerning the settlement for the damage to the automobile and the statement that the balance due on such settlement would be paid "when we settle everything" is evidence from which a jury might determine that Aetna had, in fact, admitted responsibility and would make a settlement to the plaintiff for her injuries. Under these circumstances we think that the jury should determine whether or not a waiver by estoppel has been established which will prevent the defendant from raising the defense of the statute of limitations in this case. Kinsey v. Thompson, 44 Ill App2d 304, 194 NE2d 565.

Reversed and remanded.

STOUDER, P. J. and ALLOY, J., concur.