Carolynn Flagler, Plaintiff-Appellant, v. James D. Wessman and Robert O'Donnell, Defendants-Appellees.

Gen. No. 70–25.

Second District.
November 4, 1970.

Donovan, Dichtl, Atten, Mountcastle and Roberts, of Wheaton, for appellant.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Plaintiff appeals from an order dismissing her complaint and action for personal injuries on a motion which pleaded the Statute of Limitations (Ill Rev Stats 1969, c 83, § 15).

The complaint was filed on June 2nd, 1970, and alleged a cause of action arising from a collision in which the car owned by defendant O'Donnell and driven by defendant Wessman struck the rear of the car in which plaintiff was a passenger on March 28th, 1967. Defendant filed a motion to dismiss pursuant to Ill Rev Stats 1969, c 110, § 48, on the ground that the action was not commenced within the time limited by law. Plaintiff's reply to the motion set up the defense of waiver by estoppel arising from settlement offers and conduct of the adjuster for defendant's insurance carrier prior to and subsequent to March 28th, 1969.

Plaintiff's affidavit stated that her father, George Flagler, had been negotiating with a Mr. Hesseln of the St. Paul Insurance Co., Chicago Claims Department; that she spoke to Hesseln also on several occasions, one time being in "the early part of March, 1969," at which time he offered and she refused $1,500. At Hesseln's request, she wrote a letter stating what her demand for a greater sum was based upon. The letter was dated March 18th, 1969, and began with the phrase "Upon your verbal commitment for a settlement . . . ." In it she detailed damages to her education in music at the university and loss of a promising musical career and requested $7,500 in settlement. Hesseln called on May 26th, 1969, and

asked her if she had made up her mind about accepting $2,000.

The affidavit of George Flagler stated that the insurance company had negotiated principally with him and had paid his daughter's medical and hospital bills and other incidental items amounting to approximately $1,300; [1] that after his daughter's letter of March 18th, 1969, Hesseln on March 29th, 1969, called and offered $2,000, which was refused; that Hesseln called him on April 4th, 1969; that he returned the call during April, and Hesseln said he was going on vacation and would call about a settlement when he returned; that on May 26th, Hesseln called and urged the acceptance of the $2,000 offer; and that on May 29th, 1969, Hesseln called again asking if $2,000 would be accepted, stating he would not stand "on this formality" even though the time had elapsed, but would not raise the figure.

Hesseln's counteraffidavit stated the receipt of an attorney's lien in May of 1967, but advice in February of 1968 by plaintiff that she was no longer represented by an attorney. It admitted to the various telephone conversations alleged in the plaintiff's affidavits. He stated he received a medical report on February 24th, 1969, and made an offer of $1,500, plus expenses already paid in early March of 1969. Hesseln further stated that after receipt of plaintiff's letter, he contacted her on March 19th, and rejected the $7,500 demand, but that on plaintiff's inquiry he said he might be able to increase his offer "by several hundred dollars," and, in fact, did offer $2,000 on March 24th or 25th. He admitted the offer of $2,000 in the latter part of May and said he then stated "that the offer was still open because it was made before the Statute of Limitations had expired and because some difficulty had been encountered in making a contact in the interim since the date the offer was made."

Upon these facts, plaintiff urges that the trial court was in error in dismissing the suit upon the pleadings and

---

[1] Defendant has stated in oral argument that $200 was for medical expenses and the balance was for university tuition, room, board and transportation.

should have submitted the issue of waiver by estoppel to plead the statute of limitations, to a jury. She also argues that the reason for strict enforcement of a statute of limitations does not exist where defendant has notice of the claim from the beginning. Plaintiff relies principally upon Suing v. Catton, 118 Ill App2d 468, 254 NE2d 806 (1970) and Kinsey v. Thompson, 44 Ill App2d 304, 194 NE2d 565 (1963) as defining the estoppel issue for a jury when there are acts which go beyond the mere pendency of negotiations.

 The fact that an insurer negotiates with a claimant is not conduct amounting to waiver by estoppel unless the negotiations contain statements or conduct which are calculated to lull the claimant into a reasonable belief that his claim will be settled without suit. If there is evidence of such conduct which exceeds mere investigation and negotiation, an issue is made for determination by the trier of the facts; if not, the defense may be disposed of by the court as a matter of law. Dickirson v. Pacific Mut. Life Ins. Co., 319 Ill 311, 318, 150 NE 256 (1926); Suing v. Catton, supra, at page 473; Kinsey v. Thompson, supra, at page 307; Devlin v. Wantroba, 72 Ill App2d 383, 387, 218 NE2d 496 (1966).

Certainly, before March 24th or March 25th, 1969, the admitted acts and statements of defendant's insurer presented evidence of conduct which could be considered by a jury to be reasonably calculated to lull plaintiff into a belief that her claim would be settled. Essentially, at that time only the amount to be paid was in dispute. While there was no express admission of liability, the facts of the rear end collision injuring the passenger in the forward car were not explained or denied. The company did not controvert plaintiff's statement in her letter that it was sent pursuant to "your verbal commitment for a settlement." Payments were made which were in addition to and exceeded the medical expenses defined in Ill Rev Stats 1967, c 51, § 61 as not constituting an admission of liability. While the maintenance of the $2,000 offer after the limitation period had run could not constitute an inducement amounting to a waiver, it was rele-

vant to the question of whether liability was, in fact, an issue.

When the final offer of $2,000 was made and rejected some 3 or 4 days prior to the expiration of the limitation statute, it could not be said that plaintiff was thereafter entitled to assume that any other settlement would be made without suit within the prescribed time. But whether this left a reasonably sufficient time within which suit could be filed, we determine to be a question of fact for the jury. Suing v. Catton, supra, at page 473. See also Anno 24 ALR2d 1413, 1423, 1424; Anno 130 ALR 19; Industrial Indemnity Co. v. Industrial Acc. Commission, 115 Cal App2d 684, 252 P2d 649 (1953); Skipper v. Marlowe Mfg. Co., 242 SC 486, 131 SE2d 524, 526 (1963); Regus v. Schartkoff, 156 Cal App2d 382, 319 P2d 721, 724, 725 (1958). Defendant has relied on Devlin v. Wantroba, 72 Ill App2d 383, 218 NE2d 496, and Reat v. Illinois Cent. R. Co., 47 Ill App2d 267, 197 NE2d 860 (1964). In our opinion, the comparative facts distinguish these cases from the one before us.

We, therefore, reverse and remand with directions to submit to a jury the issue whether defendants have waived the defense of the statute of limitations by the conduct of defendants insurer and are therefore estopped to assert the bar of the statute, in accordance with the procedures set forth in Kinsey v. Thompson, 44 Ill App2d 304, supra, 194 NE2d 565, at page 308.

Reversed and remanded with directions.

DAVIS, P. J. and MORAN, J., concur.