MARGIE MARKS, Plaintiff-Appellant, *v.* THE CITY OF JOHNSTON CITY, Defendant-Appellee.

(No. 74-1; ▮▮▮▮▮▮▮

Fifth District—August 5, 1974.

Mitchell and Armstrong, Ltd., of Marion, for appellant.

James B. Bleyer, of Marion, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from an order granting defendant's motion to dismiss her complaint for personal injuries.

On October 2, 1967, through her then attorney, plaintiff filed a notice with the clerk of the City of Johnston City pursuant to section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, par. 8—102). On March 26, 1969, she filed a complaint seeking damages for injuries she had incurred on April 4, 1967, because of slipping on a defective entranceway to the city clerk's office. Thus her complaint was filed almost 2 years after her claimed injury. The Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat., ch. 85, par. 8—101) at the time provided that "no civil action can be commenced in any court against a local entity for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." The appellee filed a motion asking that the suit be dismissed for failure to file within the time specified by law. Appellant responded to this motion by asserting that the appellee was estopped or had waived the 1-year statutory limitation by the payment of certain medical bills, the result of which was to induce the appellant to forgo compliance with the limitation statute. The trial court granted the appellee's motion and dismissed the complaint.

Plaintiff urges that the trial court was in error in dismissing the suit on the pleadings because the claimed conduct of the defendant estopped it from asserting the statute of limitations as a defense to her cause of action.

■■ The conduct of a party against whom a waiver of the statute of limitations is claimed must be such as to cause him to change his position by lulling him into a false sense of security thereby causing him to delay or waive his rights. (*Dickirson v. Pacific Mutual Life Insurance Co.*, 319 Ill. 311; *Kinsey v. Thompson*, 44 Ill.App.2d 304; *Flagler v. Wessman*, 130 Ill.App.2d 491, 263 N.E.2d 630.) Here it is apparent that the plaintiff was represented by counsel at all stages of the proceedings. There is no

allegation that plaintiff was lulled into a false feeling that her case would be settled regardless of the period of limitation.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.