THERESA D'URSO, Plaintiff-Appellant, *v.* SVEN WILDHEIM, Defendant-Appellee.

First District (2nd Division)   No. 61679

Opinion filed April 6, 1976

Jacob N. Gross, of Chicago, for appellant.

Thomas M. Harvick, of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal is from an order sustaining defendant's motion to dismiss plaintiff's complaint. Plaintiff presents three contentions in seeking a reversal and remandment of the trial court's order: (1) certain procedural defects in defendant's pleadings should prevent him from raising the statute of limitations as an affirmative defense; (2) the conduct of defendant's liability insurer estops defendant from asserting this affirmative defense; and (3) as an alternative to the second contention, the issue of estoppel raised a question of fact necessitating a jury's resolution.

This controversy resulted from an automobile accident on January 26, 1971, involving automobiles driven by plaintiff and defendant. On April 11, 1973, plaintiff filed an action at law for damages for both physical

injuries and property damage to her car sustained in the accident. Defendant filed an answer to the complaint on April 24, 1973. Then on May 4, 1973, defendant filed a pleading entitled "AFFIRMATIVE DEFENSE," wherein he alleged that plaintiff's action was barred by the running of the two-year limitations period applicable to personal injury actions. (Ill. Rev. Stat. 1971, ch. 83, par. 15.) Defendant's motion to strike and dismiss plaintiff's complaint pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 48(1)(e)) was filed on January 3, 1974.

Plaintiff filed an amended reply to defendant's motion on July 2, 1974. By this pleading, which was supported by the affidavit of her attorney, plaintiff alleged estoppel as a ground upon which defendant's motion should be denied.

Defendant's motion was sustained by the trial court on December 30, 1974.

■■ Plaintiff first contends that defendant's pleadings whereby he raised an affirmative defense and moved for the dismissal of plaintiff's complaint were not in compliance with sections 43(4) and 48 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, pars. 43(4) and 48.) It is argued that these procedural defects have the effect of barring defendant from asserting an affirmative defense. The record indicates, however, that plaintiff failed to bring this matter to the attention of the trial court. Consequently, plaintiff's failure to object to any defective pleadings constitutes a waiver of this point for purposes of appeal. Ill. Rev. Stat. 1971, ch. 110, par. 42(3).

Plaintiff's theory of estoppel is predicated upon one telephone conversation and two letters of correspondence between her attorney and a claim adjuster representing defendant's liability insurer. The pertinent facts are alleged in an affidavit by plaintiff's attorney which was filed in opposition to defendant's motion to dismiss. Since defendant did not file a counteraffidavit in response, the facts alleged in plaintiff's affidavit must be taken as true. *Suing v. Catton,* 118 Ill. App. 2d 468, 254 N.E.2d 806.

It is established by the affidavit that plaintiff's attorney, Jacob Gross, and one Edward Zawila, a claim adjuster for defendant's insurer, engaged in a telephone conversation during the latter part of November in 1972. At that time, Zawila advised Gross that it would be necessary for plaintiff to be examined by a doctor selected by the insurance company in order to determine the extent of her injuries. Gross, the affiant, informed Zawila that the appointment should be made immediately since the two-year limitations period would soon expire. Zawila agreed to make the necessary arrangements and to contact Gross upon receiving the medical report to discuss a settlement of the claim. Before the conversation ended, Gross stated that he would take no further action in

the prosecution of plaintiff's claim prior to being contacted by Zawila. Zawila expressed agreement with this procedure.

On December 6, 1972, Gross received a letter from Zawila informing him of the doctor with whom plaintiff should make an appointment. The letter also provided that Zawila would notify Gross "regarding possible disposition of this claim" after the doctor's report was received by Zawila.

By a letter dated December 6, 1972, Gross acknowledged receipt of the letter mailed by Zawila. Gross' letter further provided in pertinent part as follows:

"As you indicated in your letter I will anticipate hearing from you as soon as the report is received so that we can adjust this matter amicably. Based upon our prior conversations I believe that a mutually satisfactory settlement can be achieved. Therefore, I will not take any further action in this matter until you have received [the doctor's] report and contacted me."

The medical examination was conducted on either the 14th or 15th of December, 1972. The statute of limitations period applicable to plaintiff's personal injury claim expired on January 25, 1973. Subsequent to December 6, 1972, and prior to January 26, 1973, Zawila neither contacted nor furnished a copy of the medical report to Gross. Thereafter, on April 11, 1973, plaintiff filed the complaint which gives rise to this appeal.

In her brief, plaintiff refers to the conversation and correspondence between Gross and Zawila and alleges facts which she contends satisfy the elements of estoppel. In essence, plaintiff argues that Gross, as her attorney, reasonably relied upon representations purportedly made by Zawila that he would contact Gross following plaintiff's medical examination for the purpose of discussing a settlement of plaintiff's claim, with the understanding that Gross would not proceed in this matter until being so contacted. Plaintiff maintains that Zawila intended that his representations be relied upon in this manner, and that such reliance was placed to plaintiff's detriment.

■■■ The rule of waiver by estoppel applicable to situations similar to that which is presented in the instant case was set forth in *Kinsey v. Thompson,* 44 Ill. App. 2d 304, 307, 194 N.E.2d 565, 567:

"While the mere pendency of negotiations during a part of a period involved in the statute of limitations, conducted in good faith with a view to a compromise, is not a waiver of the statute of limitations and would not estop a defendant from setting up such defenses [citation], conduct of an insurance company which induces plaintiff to a reasonable belief that his claim will be settled without suit, could constitute a waiver by estoppel to raising the defense of statute of limitations [citations]."

In accordance with this principle, if evidence is introduced depicting conduct by the insurance company which appears to exceed mere investigation and negotiation, a question of fact is created for determination by the trier of fact as to whether the conduct constitutes a waiver by estoppel; otherwise, in the absence of such evidence, the defense of estoppel may be disposed of by the court as a matter of law. (*Flagler v. Wessman,* 130 Ill. App. 2d 491, 263 N.E.2d 630.) When an affidavit is filed in opposition to a motion to dismiss based upon the statute of limitations, but no counteraffidavit is filed in support of the motion, the court must examine the affidavit to determine whether a question of fact regarding waiver by estoppel has been raised. *Suing v. Catton.*

■■■ In the instant case, only an investigation of a very preliminary nature had been initiated by the insurance company. Indeed, negotiations with a view towards compromise had not even begun. Mere inquiries by an insurance company concerning a potential plaintiff's physical condition is insufficient as a matter of law to establish a waiver by estoppel of asserting the affirmative defense of the statute of limitations. (*Suing v. Catton.* Moreover, it was not so much the conduct of defendant's insurer upon which reliance was placed, but rather, plaintiff's attorney relied upon his own statements and the expansive interpretation he attached thereto. Consequently, a question of fact was not raised requiring a jury's resolution as contended by plaintiff, and defendant's motion to dismiss as it pertained to plaintiff's action for damages for personal injuries was properly sustained by the trial court. However, plaintiff's complaint included a count for relief for property damage to her automobile. Since the limitations period applicable to that count had not expired at the time plaintiff filed her complaint (Ill. Rev. Stat. 1971, ch. 83, par. 16), that portion of the court's order dismissing this count is reversed and the cause remanded for further proceedings thereon.

Accordingly, the order of the circuit court is affirmed in part and reversed and remanded in part.

*Affirmed in part and reversed and remanded in part.*

DOWNING and HAYES, JJ., concur.