MARGARET F. WELLS, Plaintiff-Appellee, *v.* JANE LUEBER *et al.*, Executors of the Last Will of Orville A. Winet, Deceased, Defendants-Appellants.

Fifth District   No. 76-202

Opinion filed November 17, 1976.

Reed, Armstrong, Gorman & Coffey, of Edwardsville (Steven W. Thompson, of counsel), for appellants.

Williamson & Webster, Ltd., of Alton, for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

The plaintiff, Margaret F. Wells, filed a complaint in the Circuit Court of Madison County against the defendants, Jane Lueber and Jan Mulligan, executors of the estate of Orville A. Winet, deceased. In response, defendants filed a motion to dismiss, alleging that plaintiff's cause of action was barred by the statute of limitations. The circuit court issued an order denying defendant's motion, and we granted leave to appeal pursuant to Supreme Court Rule 308(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 308(a)).

The plaintiff and Orville A. Winet were involved in an automobile accident on October 10, 1972. Winet died on July 5, 1973, and letters testamentary were issued on July 19, 1973. Plaintiff filed an action to recover for personal injuries on August 20, 1974, naming Orville Winet as defendant. Summons was issued, but was returned by the Madison County sheriff on August 28, 1974, with a notation that Orville Winet had died on July 5, 1973.

On November 25, 1975, plaintiff sought leave to file an amended complaint substituting the executors of Winet's estate as parties defendant. The motion was granted on December 1, 1975, and plaintiff filed her amended complaint on the same day. Defendants then filed the motion to dismiss giving rise to this interlocutory appeal.

Plaintiff's original complaint was filed before, and her amended complaint was filed after, expiration of the applicable limitation period. (Ill. Rev. Stat. 1975, ch. 83, pars. 15, 20.) Defendants contend that the original complaint, filed after Orville Winet's death, was completely void, and that plaintiff's amended complaint is, therefore, barred by the statute of limitations. Plaintiff counters with the argument that the amended complaint is merely a continuation of the same action commenced within the limitation period by the filing of the original complaint. (*Cf.* Ill. Rev. Stat. 1973, ch. 83, par. 20.) Plaintiff also contends that the defendants are estopped from pleading the statute of limitations as a defense.

■■ We agree with the defendants that the complaint against Orville Winet was a complete nullity. The law is clear that a dead person cannot be a party to a suit, and that a suit filed against a dead person does not invoke the jurisdiction of the trial court. (*Bavel v. Cavaness,* 12 Ill. App. 3d 633, 299 N.E.2d 435 (5th Dist. 1973); *Reed v. Long,* 122 Ill. App. 2d 295, 259 N.E.2d 411 (4th Dist. 1970).) Plaintiff's action against the defendants, therefore, was not commenced until after the limitation period had expired. (*Cf. Rivera v. Taylor,* 61 Ill. 2d 406, 336 N.E.2d 481 (1975).) Nevertheless, we must affirm the denial of defendant's motion to dismiss and remand for further proceedings on the issue of equitable estoppel.

An affidavit filed by plaintiff's attorney alleges that, prior to the filing of a complaint, Orville Winet's insurance carrier conceded liability, made numerous settlement offers and actually made advance payments for lost wages and medical expenses. The affidavit also alleges that the insurance carrier discussed settlement both before and after expiration of the limitation period, encouraged plaintiff's counsel to delay in filing suit, and failed to inform plaintiff or her attorney of Orville Winet's death until November 19, 1975.

■■ The mere pendency of negotiations, of course, would not be sufficient to work an estoppel against defendants. The foregoing

allegations, however, charge the insurance carrier with conduct calculated to lull the plaintiff into a reasonable belief that the case would be settled without suit and that the defense of the statute of limitations would not be asserted. Upon proof of such conduct, defendants could be estopped from asserting the statute of limitations, and prior decisions require that plaintiff be given an opportunity to present such proof to the trier of fact. *Dickirson v. Pacific Mutual Life Insurance Co.*, 319 Ill. 311, 150 N.E. 256 (1926); *Kinsey v. Thompson*, 44 Ill. App. 2d 304, 194 N.E.2d 565 (4th Dist. 1963); *Devlin v. Wantroba*, 72 Ill. App. 2d 383, 218 N.E.2d 496 (1st Dist. 1966); *Suing v. Catton*, 118 Ill. App. 2d 468, 254 N.E.2d 806 (3rd Dist. 1970).

■■ Despite the urgings of Orville Winet's insurance carrier, as alleged, plaintiff did file a timely complaint, albeit against a nonexistent party. The fact of her reliance on any representation made is thus put in issue. In addition, plaintiff could easily have discovered that Orville Winet was dead from examining the return of service by the Madison County sheriff in the circuit clerk's file. A party claiming the benefit of estoppel must prove that he reasonably relied upon the representations and conduct of the party against whom the estoppel is alleged (*National Tea Co. v. 4600 Club, Inc.*, 33 Ill. App. 3d 1000, 339 N.E.2d 515 (1st Dist. 1975)), and did not close his eyes to the obvious (*Lowenberg v. Booth*, 330 Ill. 548, 555-56, 162 N.E. 191, 195 (1928)). In considering this element of the estoppel doctrine, the trier of fact may take the foregoing facts into account. Those facts, however, are not sufficient to require a ruling that, as a matter of law, plaintiff was not "lulled into a reasonable belief" that her claim would be settled.

We affirm the circuit court's denial of defendant's motion to dismiss. Because plaintiff in the instant case clearly demanded a trial by jury (compare *Loughran v. A & M Moving & Storage Co.*, 17 Ill. App. 3d 119, 126, 307 N.E.2d 794, 799 (1st Dist. 1974)), we remand the cause with instructions that the issue of equitable estoppel be determined by a jury prior to and separate from the trial of the personal injury action. A trial of the personal injury action is necessary, of course, only if the jury finds for the plaintiff on the preliminary issue of equitable estoppel. See *Kinsey v. Thompson*, 44 Ill. App. 2d 304, 308, 194 N.E.2d 565, 567 (4th Dist. 1963).

Affirmed and remanded.

CARTER and EBERSPACHER, JJ., concur.