JOHN SERAFINI, JR., Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (2nd Division)   No. 78-911

Opinion filed July 31, 1979.

John Bernard Cashion, of Chicago, for appellant.

Norman J. Barry, Joseph P. Della Maria, Jr., and Daniel A. Cummings, all of Chicago (Rothschild, Barry and Myers, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

On January 9, 1976, plaintiff, John Serafini, Jr., then a minor, was allegedly injured as a result of the collision of two of defendant Chicago Transit Authority's (CTA) trains. Approximately eight months later, on September 17, 1976, plaintiff reached the age of 18. Plaintiff served notice of his claim on January 10, 1977, but did not file a complaint until February 8, 1978, approximately two years after the date of the injury and 17 months after attaining majority. The circuit court of Cook County dismissed the complaint as barred by section 41 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 341), and

denied plaintiff's motion to amend the complaint so as to allege waiver or estoppel. Plaintiff appeals contending (1) that under section 21 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22) he had two years from the date of his 18th birthday to commence his action, and (2) if not, that the defendant should be estopped from asserting the statute of limitations as a defense.

I.

Section 21 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 1 *et seq.*) provides that:

"If the person entitled to bring an action, mentioned in the preceding Sections, is, at the time the cause of action accrued, within the age of 18 years, or incompetent, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed." (Ill. Rev. Stat. 1977, ch. 83, par. 22.)

Although the limitations period for plaintiff's cause of action for personal injuries is mentioned in section 14 (Ill. Rev. Stat. 1977, ch. 83, par. 15), section 12 of the Limitations Act provides that:

"The following actions can only be commenced within the periods hereinafter prescribed, *except when a different limitation is prescribed by statute:*" (Emphasis added.) Ill. Rev. Stat. 1977, ch. 83, par. 13.

The defendant was statutorily created by and operates under the Metropolitan Transit Authority Act. (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 301 *et seq.*; *Fujimura v. Chicago Transit Authority* (1977), 67 Ill. 2d 506, 508, 368 N.E.2d 105.) Section 41 of that act provides that:

"No civil action shall be commenced in any court against the Authority by *any person* for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 111 2/3, par. 341.

Thus, section 41 which prescribes a different limitation period by statute applies to "any person" without making exception for minors. However, we recognize that statutes general in their terms have been frequently construed to contain exceptions in favor of minors in cases in which the minor's meritorious cause of action would otherwise have been barred due to the neglect or incompetence of his next friend, guardian, or parent filing suit on his behalf. (See *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 120 N.E. 476; *Walgreen Co. v. Industrial Com.* (1926), 323 Ill. 194, 153 N.E. 831.) It was under these circumstances that it was said that a minor should not be precluded from enforcing his rights unless clearly debarred from doing so by some statute or constitutional provision. (See *Walgreen,* at 197.) Such was the basis of the court's

decision in *Carlson v. Village of Glen Ellyn* (1959), 21 Ill. App. 2d 335, 158 N.E.2d 225; see *Addison v. Health & Hospital Governing Com.* (1977), 56 Ill. App. 3d 533, 535, 371 N.E.2d 1060.

In *Carlson*, the court considered the applicability of section 1—10 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, ch. 24, par. 1—10) (Villages Act) to a suit filed by the injured minor's next friend one year and one day after the date of the injury. As under section 41 of the Metropolitan Transit Authority Act, section 1—10 provided that "[n]o civil action shall be commenced * * * by any person * * * unless it is commenced within one year from the date that the injury was received or the cause of action accrued." Relying on *McKnight v. City of New York* (1906), 186 N.Y. 35, 78 N.E. 576, and *Russo v. City of New York* (1932), 258 N.Y. 344, 179 N.E. 762, the court reversed the dismissal of the plaintiff's complaint, stating that the only effect of the shorter limitation period of the Villages Act on the general limitations was to substitute that shorter period in all actions for personal injuries against municipalities, leaving the exception as to infants in full force and effect.

The *Carlson* court did not expressly hold that section 21 of the Limitations Act applied rather than section 1—10. This is also true of our supreme court's decision in *Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784, construing the applicability of the Wrongful Death Act (Ill. Rev. Stat. 1971, ch. 70, pars. 1, 2) to the claims of two minor plaintiffs. However, considering the *Carlson* court's reliance on *McKnight* and *Russo* which held only that similar shorter limitations periods were suspended during the infant plaintiff's disability (see *McKnight*, at 38; *Russo*, at 349), we are of the opinion that *Carlson* must be construed as holding that the one-year limitations period of the Villages Act was tolled during the plaintiff's infancy and began to run after attaining majority.

■■ Statutes of limitation are designed to afford security from stale demands, when from the lapse of time, death of witnesses, failure of memory, and other causes, the true state of the transactions may be incapable of explanation and the rights of the parties cannot be satisfactorily investigated. (*Davis v. Munie* (1908), 235 Ill. 620, 621-22, 85 N.E. 943.) Our supreme court has noted that the CTA, as the transportation system of the second largest city in the United States, becomes involved in the largest volume of personal injury litigation in the State, and is subjected to many, if not more, claims not reported to the Authority by its employees than any other municipality in the State. (See *Schuman v. Chicago Transit Authority* (1950), 407 Ill. 313, 320, 95 N.E.2d 447; *Fujimura*, at 510-11.) Considering the statutory nature of the CTA and the multitude of claims asserted against it, we cannot, as the plaintiff urges, engraft an exception in favor of minors upon section 41 by judicial

fiat. (See *Tom Olesker's Exciting World of Fashion v. Dun & Bradstreet, Inc.* (1973), 16 Ill. App. 3d 709, 712, 306 N.E.2d 549.) As stated in *Shelton v. Woolsey* (1959), 20 Ill. App. 2d 401, 156 N.E.2d 241, in considering the applicability of the limitations period of the Dramshop Act (Ill. Rev. Stat. 1955, ch. 43, par. 135) to the minor plaintiff:

> "If this court were to adopt plaintiff's theory that the one year limitation period does not apply to actions by minors, it would amount to incorporating in the statute a provision which the language thereof clearly demonstrates was not within the intention of the legislature. Courts have no legislative powers and where, as in this case, the language of a statute is plain and certain, it must be given effect as written by the lawmaking body." *Shelton*, at 405.

■ However, we are not unmindful of the need in some circumstances to protect the interests of injured minors and to preserve their day in court as in *Carlson*. We therefore hold that when a minor is allegedly injured as a result of the negligence of the CTA, he has one year from the date of the injury or one year from the date of attaining majority, whichever is later, to commence his action. Plaintiff's complaint filed two years after the date of the injury and 17 months after his 18th birthday was therefore properly found to be barred by section 41 of the Metropolitan Transit Authority Act.

## II.

■ However, plaintiff also contends that the trial court erred in denying the motion to amend his complaint to allege waiver or estoppel to assert the statute of limitations. In support of this motion, plaintiff's attorney stated under oath that he had represented two persons injured in the January 9, 1976 "L" crash; that the CTA had made offers of settlement on both of these claims after September 7, 1977 (the date on which the one-year limitation period of section 41 expired as to plaintiff's claim); that the CTA had settled the other claim after the expiration of the statute of limitations without suit being filed; and that the CTA had offered to settle the instant claim in January 1978, one month before suit was filed.

Quoting *Kinsey v. Thompson* (1963), 44 Ill. App. 2d 304, 307, 194 N.E.2d 565, this court in *D'Urso v. Wildheim* (1976), 37 Ill. App. 3d 835, 347 N.E.2d 463, stated:

> " 'While the mere pendency of negotiations during a part of a period involved in the statute of limitations, conducted in good faith with a view to a compromise, is not a waiver of the statute of limitations and would not estop a defendant from setting up such defenses [citation], conduct of an insurance company which induces plaintiff to a reasonable belief that his claim will be settled

without suit, could constitute a waiver by estoppel to raising the defense of statute of limitations [citations].' In accordance with this principle, if evidence is introduced depicting conduct by the insurance company which appears to exceed mere investigation and negotiation, a question of fact is created for determination by the trier of fact as to whether the conduct constitutes a waiver by estoppel; otherwise, in the absence of such evidence, the defense of estoppel may be disposed of by the court as a matter of law." *D'Urso* at 838-39.

In the instant case, there is no allegation of delay caused by the defendant's requests for medical or financial information before or after the limitation period expired (*cf. Kinsey*, at 305), of payment of part of the claim, lost wages, or medical expenses (*cf. Suing v. Catton* (1970), 118 Ill. App. 2d 468, 474-75, 254 N.E.2d 806; *Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 974-75, 358 N.E.2d 293), or of an admission of liability (*cf. Suing*). Nor is there anything in the record showing that the defendant intentionally lulled the plaintiff into a false sense of security that his suit would be settled regardless of the limitation period. (*Cf. Dunbar v. Reiser* (1975), 26 Ill. App. 3d 708, 712, 325 N.E.2d 440, *aff'd* (1976), 64 Ill. 2d 230, 356 N.E.2d 89; *Hinz v. Chicago Transit Authority* (1971), 133 Ill. App. 2d 642, 646, 273 N.E.2d 427.) Plaintiff was represented by counsel throughout the negotiations, a factor considered in rejecting the assertion of estoppel in *Marks v. City of Johnston City* (1974), 21 Ill. App. 3d 1089, 315 N.E.2d 342. Under these circumstances, we cannot say that the trial court abused its discretion in disposing of the plaintiff's assertions of waiver and estoppel as a matter of law.

For all of the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

PERLIN and HARTMAN, JJ., concur.