WILLIAM HURTT, Plaintiff-Appellant, *v.* CYNTHIA B. DAVIDSON, Defendant-Appellee.

First District (3rd Division)   No. 79-1211

Opinion filed May 21, 1980.

Dowd, Dowd & Dowd, Ltd., of Chicago (Joel S. Ostrow, of counsel), for appellant.

Tim J. Harrington, of Chicago (Robert Guilfoyle, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

Does the statute of limitations bar this suit?

No, if the defendant's insurer has lulled the plaintiff into a reasonable belief that a timely complaint need not be filed.

But that is not the case here. The circuit court's dismissal of the complaint pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48) is affirmed.

An automobile accident occurred on October 29, 1976, resulting in personal injuries to William Hurtt, the plaintiff. Hurtt had 2 years to commence his negligence action (Ill. Rev. Stat. 1975, ch. 83, par. 15), but delayed filing his complaint until November 29, 1978. Defendant moved to dismiss the complaint as barred by the statute of limitations. The record does not show whether Hurtt opposed the motion. He moved within 22 days, however, to vacate the judgment of dismissal, explaining the delay in filing the suit with three communications from his insurer and his account of a telephone conversation with a representative of the insurer. The first communication was a hand-written note dated September 5, 1978, which asked for Hurtt's 1977 tax and medical records and stated that due to the length of time since the accident the insurer wanted to settle the claim. The second communication was a letter written by the same employee of the insurer who had written the note, also dated September 5, 1978. It notified Hurtt that the statute of limitations would expire on October 29, 1978, and said that an amicable settlement had to be reached on that date. It again asked for Hurtt's 1977 tax records so that the insurer could make a fair evaluation of lost wages. The telephone conversation came on November 14, 1978; in it, according to Hurtt's unverified motion signed by his attorney, a representative of the insurer offered Hurtt $1,000 to settle the claim, but Hurtt refused. The third communication was another letter, dated November 15, 1978. It referred to Hurtt's refusal, retracted the previous day's offer and reiterated that the statute of limitations had run. This letter mentioned a phone conversation in which Hurtt stated that he had been discussing his claim with an attorney, and the insurer observed in the letter that it was such an attorney's responsibility to inform Hurtt of the statute of limitations. The letter also asked for Hurtt's 1976 tax return and made a final offer to settle for $500, promising to keep the offer open for 5 days, but threatening to close its file permanently if the offer was rejected.

■■ The conduct of an insurer which induces in the plaintiff the reasonable belief that a claim will be settled without suit could constitute a waiver or work an estoppel on the insurer from raising the defense of the statute of limitations. (*Kinsey v. Thompson* (1963), 44 Ill. App. 2d 304, 307, 194 N.E.2d 565, 567.) If there is evidence of such conduct an issue is made for the determination of the trier of fact, but if there is no such evidence the court may dispose of the defense itself and dismiss the complaint as time-barred. (*D'Urso v. Wildheim* (1976), 37 Ill. App. 3d 835, 839, 347 N.E.2d 463, 466; *Flagler v. Wessman* (1970), 130 Ill. App. 2d 491, 494, 263 N.E.2d 630, 632.) In determining if there is such evidence the

court looks to the pleadings, affidavits or other proofs presented by the parties. Ill. Rev. Stat. 1975, ch. 110, par. 48(3).

Various types of conduct are examined by courts in determining whether there is any evidence to support a reasonable belief sufficient to constitute waiver or work an estoppel. Chief among these is a concession of liability by the insurer. (See, *e.g.*, *Cassidy v. Luburich* (1977), 49 Ill. App. 3d 596, 599, 364 N.E.2d 315, 316; *Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 974, 358 N.E.2d 293, 294; *Arthur L. Larsen Co. v. Shefner* (1975), 27 Ill. App. 3d 562, 563, 327 N.E.2d 257, 258; *Flagler v. Wessman* (1970), 130 Ill. App. 2d 491, 494; *Suing v. Catton* (1970), 118 Ill. App. 2d 468, 474-75, 254 N.E.2d 806, 810 (proved circumstantially); *Devlin v. Wantroba* (1966), 72 Ill. App. 2d 383, 388, 218 N.E.2d 496, 498; *Kinsey v. Thompson* (1963), 44 Ill. App. 2d 304, 307.) Also important are advance payments made to the injured party in contemplation of eventual settlement of the claim (*Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 974; *Flagler v. Wessman* (1970), 130 Ill. App. 2d 491, 493; *Suing v. Catton* (1970), 118 Ill. App. 2d 468, 474), and statements to the injured party which encourage delay in the filing of the suit against the defendant (*Cassidy v. Luburich* (1977), 49 Ill. App. 3d 596, 598; *Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 974).

■ The insurer here did none of these things. It did not concede liability, but instead warned the plaintiff of the upcoming date on which the limitations period would expire. Although it encouraged the amicable settlement of the dispute, it did not encourage delay in the filing of Hurtt's action. It made no advance payments to Hurtt. The record discloses no statement or course of conduct upon which Hurtt could form the reasonable belief that the insurer had dispensed with the protection afforded it by the statute of limitations.

Plaintiff urges two additional considerations, but neither one would change the outcome. First, he suggests that it is important that the injured party is not assisted by counsel during the negotiations. The difference between an insurer and an individual without legal representation is not insignificant. (See *LaRotunda v. Royal Globe* (1st Dist., No. 78-2140, filed May 14, 1980), ___ Ill. App. 3d ___, ___ N.E.2d ___.) But the plaintiff's motion to vacate does not claim that he was without counsel. On the contrary, the insurer's third communication, offered in evidence by the plaintiff, specifically refers to a law firm with whom plaintiff was in contact. To rely on an assertion that there was no counsel involved, it was plaintiff's duty to establish that counsel was absent. The record does not indicate that, so the presence or absence of counsel could have no bearing on whether there was any evidence to support a reasonable belief that the insurer had waived the statute of limitations.

Second, the plaintiff, relying on *Suing v. Catton*, urges that it is

significant that the insurer continued its conduct after the expiration of the limitations period. In that case there was a partial advance payment made to the injured party as well as circumstantial evidence of a concession of liability. The continued negotiation after the statute had run was consistent with, and served to illustrate, the insurer's conduct before. *Suing* held that the post-expiration conduct could be considered as additional evidence in determining if there had been a waiver or estoppel, but here, where there was no preexpiration conduct sufficient to induce a reasonable belief in the plaintiff, the post-expiration conduct illustrated nothing. Continued offers of negotiation and settlement made in good faith cannot be the basis of a waiver or estoppel. (*Dickirson v. Pacific Mutual Life Insurance Co.* (1926), 319 Ill. 311, 318, 150 N.E. 256, 258-59; *Kinsey v. Thompson* (1963), 44 Ill. App. 2d 304, 307.) The wisdom of that policy can be seen here. Once the limitations period had run, the plaintiff had no possibility of recovery, yet his suit still had a nuisance value. Rather than bear the legal costs of obtaining a dismissal (and possible appeal) of plaintiff's suit, the insurer here may have wished to offer a nominal amount in settlement and thus avoid these expenses. Such an offer would not constitute a waiver of the protection of the statute of limitations.

There was no evidence which would induce a reasonable belief in the plaintiff that the insurer would not rely upon the limitations bar. The circuit court correctly dismissed the complaint as time-barred.

Judgment affirmed.

McGILLICUDDY, P. J., and RIZZI, J., concur.