**Fred E. Jahp, Defendant in Error, v. Thomas E. D. Bradley and John T. Lillis, Executors, Plaintiffs in Error.**

## Gen. No. 18,489.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed February 27, 1914.

## Statement of the Case.

Action by Fred E. Jahp, doing business as Fred E. Jahp & Company, against Thomas E. D. Bradley and

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

John T. Lillis, executors of the estate of Augusta R. FitzSimons, deceased, to recover for feed furnished for two horses belonging to the estate. The claim is for three months' feed delivered after the death of the deceased. From a judgment in favor of plaintiff against the executors "to be paid in due course of administration," the executors prosecute a writ of error.

SAMUEL A. HARPER, for plaintiff in error.

PATRICK F. MURRAY, for defendant in error; JOHN T. MURRAY, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 498*—*when judgment against executor in his representative capacity improper.* In an action against executors to recover for horse feed furnished after the death of the testator for horses belonging to the estate, a judgment for plaintiff entered against the defendants as executors to be paid in due course of administration, *held* improper.

2. EXECUTORS AND ADMINISTRATORS, § 489*—*when executor must be sued in his individual capacity.* No action will lie against an executor in his representative character upon a claim which accrued subsequent to the death of the testator. The general rule is that no action will lie against an executor or administrator in his representative character except upon some claim or demand which existed against the testator or intestate in his lifetime, and if a claim or demand accrues in the time of the executor or administrator he is liable therefor only in his personal character.

3. EXECUTORS AND ADMINISTRATORS, § 115*—*personal liability on contracts for benefit of estate.* Contracts of executors and administrators, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration moving between their promisee and themselves, are their personal contracts, which do not bind the estate, and they must be sued thereon in their individual capacity. The fact that they are described in a contract as representatives does not affect the rule.