JAMES C. THOMAS *et al.*, Plaintiffs-Appellants, *v.* KEITH GOUWENS, Individually and as Ex'r of the Estate of Peter J. Gouwens, Defendant-Appellee.

(No. 60516; ▮▮▮▮▮▮▮▮▮▮)

First District (4th Division)—January 22, 1975.

Donald O. Walsh, of Chicago (Overton, Schwartz & Yacker, Ltd., of counsel), for appellants.

Samuel Z. Goldman, of Chicago (Waller & Waller, of counsel), for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiffs, James C. Thomas and Ernestine C. Thomas, filed an action against Keith Gouwens, individually and as executor of the estate of Peter J. Gouwens, deceased, seeking damages arising out of the breach of a written sales contract. The contract was executed by seller, Keith Gouwens, as executor of the estate of Peter J. Gouwens. On February 5, 1974, the court sustained defendant's motion to strike and dismiss the complaint. Thereafter, plaintiffs moved to vacate the dismissal and for leave to amend the complaint. The motion was denied, and plaintiffs appeal.

The contract was for the sale of a house located at 534 West 116th Street in the city of Chicago. The agreement provided in relevant part, as follows:

> "Seller agrees, prior to closing, to repair the roof leak on the premises which has caused damage to the livingroom ceiling. Seller shall also repair said livingroom ceiling. Such repairs are to be made by a reputable contractor and to be done in a good work-

manlike manner. Seller's roof contractor shall give the usual warranty for such roof repair to Purchaser for the period of time which such warranties are usually given. The covenants and warranties of Seller made herein shall survive the closing of this agreement and the delivery of title to the premises hereunder."

In their complaint plaintiffs alleged that prior to closing defendant retained a contractor to repair the roof leak, but the contractor totally failed to remedy the problem. It was further alleged that in response to plaintiffs' repeated demands, defendant caused the contractor to return to the premises on at least two occasions, but all such subsequent attempts to repair the leak were also entirely unsuccessful. As a result plaintiffs claim damages in the amount of $3,000.

On November 5, 1973, defendant filed a motion to strike and dismiss the complaint for failure to state a cause of action. In his motion defendant further asserted that he could not be sued in his individual capacity because he executed the contract in his capacity as executor, that the complaint failed to contain the date and bill of particulars of the claimed damages, that plaintiffs' claim against defendant and the estate were barred since the statute of limitations had run against him and the last day for asserting claims against the estate had lapsed, and that after an examination of the premises, plaintiffs accepted the repairs performed by the contractor as being in compliance with the agreement and did not notify him of any complaints nor serve notice on him as to the ceiling and roof.

■■ The trial court's reasons for striking the complaint and subsequently denying plaintiffs' leave to amend are not clear from the record. We believe that plaintiffs should be granted an opportunity to amend the complaint to plainly and concisely state a cause of action. Therefore, the order of dismissal is reversed and the cause remanded with directions to the trial court to allow plaintiffs to amend their complaint with particulars of their claimed damages. We note, too, that the proposed amended complaint does state a cause of action. Section 4 of the Civil Practice Act provides that the Act "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." (Ill. Rev. Stat. 1973, ch. 110, par. 4.) Indeed, the basic purpose of the Civil Practice Act is to remove barriers which prevent the trial of a case on its merits and to facilitate procedures to accomplish that end. (*McMillen v. Rydbom*, 56 Ill.App.2d 14, 205 N.E.2d 813.) Accordingly, in order to promote the spirit of the Act, the power to allow amendments should be freely exercised so that litigants may fully present their alleged cause of action.

*People ex rel. Hamer v. Board of Education*, 130 Ill.App.2d 592, 264 N.E. 2d 420.

■■  We note that many of the matters referred to in defendant's motion to strike and dismiss are factual in nature rather than legal. Since they amount to mere denials, these matters should be pleaded in an answer to the complaint. As to defendant's contention that plaintiffs are barred from pursuing any claim against the estate, we are informed by plaintiffs in their brief that they are not attempting to state an action against the estate. We also perceive no merit to defendant's contention that the claim against him individually is barred by the statute of limitations.

Perhaps the most serious matter raised in defendant's motion to strike and dismiss is whether he may be sued in his individual capacity despite the fact that he executed the contract in his capacity as executor. The rule is well settled that a guardian, executor, administrator, trustee, or other person acting in such relation, in a contract with third persons binds himself personally, unless he exacts an agreement from the person with whom he contracts to look to the funds of the estate exclusively. *Austin v. Parker*, 317 Ill. 348.

■■  The rationale of the rule is clear. An executor or administrator has no power to bind the estate by any contract originating with himself. He may make disbursements out of estate funds for purposes authorized by law, but he may not create a liability not founded upon a contract or obligation of the testator or intestate. (*Marsh v. Steiniger*, 225 Ill.App. 114.) Thus, although the contract may be made for the benefit and in the interest of the estate, if made upon new and independent consideration, the executor or administrator may be sued in his individual capacity and not as a representative. The fact that an executor or administrator is identified in a contract as a representative does not affect the rule, and although he may be named in the declaration or complaint as a representative, this will be considered merely *descriptio personae* and will be treated as surplusage or as only to show the nature and origin of his liability. *Jahp v. Bradley*, 185 Ill.App. 215 (abstract opinion).

For the foregoing reasons the judgment dismissing the complaint is reversed, and the cause is remanded with directions that leave be granted to plaintiffs to amend their complaint, that defendant be granted leave to file responsive pleadings, and that the cause proceed on its merits.

Reversed and remanded with directions.

DIERINGER, P. J., and JOHNSON, J., concur.