J. CARTER MILLER, SR., Plaintiff-Appellant, *v.* LOWELL ENSLEN *et al.*, Defendants-Appellees.

First District (4th Division)    No. 76-1633

Opinion filed May 25, 1978.

Mahoney & McArdle, of Chicago (Patrick E. Mahoney, of counsel), for appellant.

Pretzel, Stouffer, Nolan and Rooney, of Chicago (Joseph B. Lederleitner and Robert Marc Chemers, of counsel), for appellees.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

J. Carter Miller, Sr., plaintiff, brought an action in four counts against his wife, Helen Miller, and her attorney, Lowell E. Enslen, defendants, alleging tortious activities on the part of defendants and seeking an injunction and damages. Count I of the original complaint was dismissed and count II is pending as count I of plaintiff's amended complaint. Counts III and IV were dismissed with leave to refile. Plaintiff's motion for leave to file an amended complaint was denied by a successor motion judge. Plaintiff's motion for rehearing and for leave to file an amended complaint was also denied. Plaintiff appeals.

We reverse and remand.

The major issue presented for review is whether the trial court abused its discretion in denying plaintiff leave to file counts II and III of his amended complaint.

The record reveals that plaintiff is the president of a corporation known as Carter Controls, Inc. On September 26, 1975, defendant Enslen, an attorney, and his client, defendant Helen Miller, wife of the plaintiff, met with some banking officials in Lansing, Illinois. During the course of the meeting, the defendants purportedly stated to the banking officials that J. Carter Miller, Sr., "absconded with corporate funds," "took $47,000 from

the First National Bank of Lansing," "could not meet the corporate payroll," and that "J. Carter Miller, Sr. would be in jail by Monday."

Thereafter, the plaintiff filed a complaint, setting forth four counts, one each for injunctive relief, slander, interference with an economic advantage, and conspiracy. Defendant Helen Miller moved to strike and dismiss the complaint. After hearing arguments, the court dismissed count I because it failed to state a cause of action for equitable relief, and transferred counts II, III, and IV to the law division of the circuit court. Thereafter, both defendants filed motions to dismiss the complaint. The motions were heard by Judge Jiganti who denied the same as to count II and granted the motions with respect to counts III and IV. His order further stated that the plaintiff had until March 16, 1976, to file an amended complaint, and that defendants had until April 13, 1976, to answer count II and any amended complaint that plaintiff may file.

On August 6, 1976, plaintiff filed a written motion to file an amended complaint. Counts I, II, and III of the amended complaint corresponded to counts II, III, and IV of the original complaint. Judge Elward denied the motion with respect to counts II and III but granted it with respect to count I (count I was substantially the same as count II of the original complaint).

Plaintiff then filed a motion for rehearing and for leave to file counts II and III of the amended complaint. Judge Elward also denied this motion and found that there was no just cause to delay enforcement or appeal of his order. He did not make any substantive ruling on the merits of counts II and III of plaintiff's amended complaint.

Plaintiff argues that where one motion judge dismissed counts III and IV of the original complaint with leave to file amended counts, it was an abuse of the sound discretion vested in the trial court for the successor motion judge to deny plaintiff leave to file the amendments.

Defendants contend that the trial court properly denied plaintiff's motion to file an amended complaint as to counts II and III because they were identical to those counts previously dismissed. They conclude that the court did not abuse its discretion. Defendant Enslen adds that the trial court did not abuse its discretion when it refused to allow the plaintiff to file an amended complaint after the expiration of the time previously granted by the court for the filing of the amended complaint. Defendant Enslen also questions the appealability of Judge Elward's order.

■■ Dismissal of a cause of action is appealable if the trial court makes the requisite finding under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)), and the dismissed counts constitute distinct causes of action. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 25, 174 N.E.2d 153, 154.) Judge Elward's order denying plaintiff's motion to file amended counts II and III had the effect of a general dismissal. Since

these counts alleged bases of recovery different from that alleged in count I, the cause is properly before this court for review.

■■■ Regarding the major issue involved herein, we note that section 46 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46) permits amendments on just and reasonable terms, introducing new parties or new causes of action at any time before final judgment. Amendments should be permitted unless it is clear that the defect in the pleading is not curable by amendment. (*Davis v. Hoeffken Bros., Inc.* (1965), 60 Ill. App. 2d 139, 144, 208 N.E.2d 370, 373.) The basic purpose of the Civil Practice Act is to remove barriers which prevent the trial of a case on its merits and to facilitate procedures to accomplish that end. (*Thomas v. Gouwens* (1975), 25 Ill. App. 3d 663, 665, 323 N.E.2d 829, 831.) In order to promote the spirit of the Act, the power to allow amendments should be freely exercised so that litigants may fully present their alleged cause or causes of action. (*People ex rel. Hamer v. Board of Education* (1970), 130 Ill. App. 2d 592, 594, 264 N.E.2d 420, 422.) The trial court's reasons for initially dismissing these counts and subsequently its reasons for not allowing the amendments are unclear as no substantive rulings appear in the record. We hold that the court should have allowed plaintiff leave to file his amended counts II and III unless it found that the proposed amendments failed to state causes of action and denied plaintiff's motion for those reasons. *Davis*, at 144.

Defendant Enslen also argued that the denial of plaintiff's motion was proper because he failed to amend his complaint within the prescribed time limits set forth in Judge Jiganti's order. This argument is not persuasive in light of the fact that count I was allowed and counts II and III were denied. Furthermore, the timeliness of the motion is not indicated as the reason for the denial of the motion as to counts II and III.

We do not hold that the amended complaint is not subject to a motion to strike and dismiss.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

DIERINGER and ROMITI, JJ., concur.