JANET D. VAUGHN *et al.*, Plaintiffs-Appellants, v. ADELINE SPEAKER *et al.*, Co-Ex'rs of the Estate of Wilbur P. Speaker, Deceased, Defendants-Appellees.

Third District No. 3—86—0273

Opinion filed June 16, 1987.—Rehearing denied July 21, 1987.

Bernard P. Reese, Jr., of Reese, Reese & Bagley, of Rockford (Randall K. Reese, of counsel), for appellants.

964

Robert J. Noe, of Bozeman, Neighbour, Patton & Noe, of Moline (John W. Robertson, of counsel), for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiffs, Janet D. Vaughn and Richard L. Vaughn, filed a complaint against the defendants, Adeline Speaker and Janet E. Prescott, co-executors of the estate of Wilbur Speaker, deceased. The plaintiffs sought to recover damages for injuries Janet Vaughn received in an automobile accident. The defendants filed a motion to dismiss alleging that plaintiffs' cause of action was barred by the statute of limitations. (Ill. Rev. Stat. 1985, ch. 110, par. 13—202.) The trial court granted defendants' motion and dismissed plaintiffs' complaint with prejudice. Plaintiffs appeal.

On December 2, 1983, Janet Vaughn and Wilbur Speaker were involved in an automobile accident in which the plaintiff sustained personal injuries as well as property damage to her automobile. The plaintiffs' attorney alleged in an affidavit that negotiations with Wilbur Speaker's insurance company began in December of 1984 and continued up until December 30, 1985, which was after the statute of limitations had run. During this period of negotiations the defendants' insurance company paid 100% of plaintiffs' property claim and offered $15,000 to settle her personal injury claim.

Wilbur Speaker died on January 16, 1985. Defendants' insurance company never notified the plaintiffs or their attorney of Wilbur Speaker's death. William Lego, the claims representative handling the file for the insurance carrier, filed an affidavit stating that he did not know that Wilbur Speaker had died until he received a call from plaintiffs' attorney on December 30, 1985, approximately one month after the statute of limitations had run.

On November 27, 1985, five days before the statute of limitations was to run, the plaintiffs filed an action against Wilbur Speaker to recover for her personal injuries. On December 5, 1985, plaintiffs' attorney received the returned summons which indicated that the defendant was deceased. On December 23, 1985, plaintiffs filed a "Motion to Correct Misnomer" which was granted by the trial court. On December 23, 1985, plaintiffs filed an amended complaint naming Adeline Speaker and Janet E. Prescott, co-executors of the estate of Wilbur Speaker, as defendants. On January 29, 1986, the defendants filed a motion to dismiss which was granted by the trial court and is the subject of this appeal.

On appeal, plaintiffs raise three issues: (1) whether substitution of the executors for the deceased as the named defendant is permitted

under either section 2—1008, 2—616, or 2—401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1008, 2—616, 2—401); (2) whether the six-month claim period provided in section 18—12 of the Probate Act extends the ordinary two-year statute of limitation for an additional six months (Ill. Rev. Stat. 1985, ch. 110½, par. 18—12); and (3) whether the defendants should be estopped from pleading the statute of limitations as a defense.

■■ First, plaintiffs contend that section 2—1008(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1008(b)) permits the substitution of the executor for the deceased. Section 2—1008(b) provides in part: "[I]f a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of the court." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1008(b).) In the case at bar, however, there was no action pending because a dead person cannot be a party to a suit and a suit against a dead person does not invoke the jurisdiction of the trial court. *Bavel v. Cavaness* (1973), 12 Ill. App. 3d 633, 299 N.E.2d 435.

■■ ■ Plaintiffs also argue that pursuant to section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d)) their amended complaint naming the executors as defendants relates back to the date of their original complaint. This argument fails for the very same reason as their section 2—1008 argument. In order for section 2—616 to apply there must also be an action pending against a person not originally named a defendant. (*McCue v. Colantoni* (1980), 80 Ill. App. 3d 731, 400 N.E.2d 683.) Plaintiffs' attempt to utilize section 2—401 and characterize the original action as a misnomer is also misplaced because an action naming the wrong person cannot be characterized as a misnomer. *DeSeve v. Ladd Enterprises, Inc.* (1985), 137 Ill. App. 3d 796, 484 N.E.2d 1220.

■■ ■ Plaintiffs next argue that section 18—12 of the Probate Act (Ill. Rev. Stat. 1985, ch. 110½, par. 18—12) allows a claim for personal injuries to be filed for an additional six months beyond the applicable two-year statute of limitations. Generally, a party must commence an action for personal injuries within two years after the cause of action arose. (Ill. Rev. Stat. 1985, ch. 110, par. 13—202.) When a person against whom an action for personal injuries is brought dies before the two-year period expires, however, a party may commence an action against the executors or administrators after the expiration of the two-year period under section 13—209. Section 13—209 provides in part:

> "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement

thereof, and the cause of action survives, and is not otherwise barred, an action may be commenced against his or her executors or administrators after the expiration of the time limited for the commencement of the action, and within 6 months after the issuing of letters testamentary or of administration." Ill. Rev. Stat. 1985, ch. 110, par. 13—209.

The phrase "and is not otherwise barred" in section 13—209 has been interpreted to refer to section 18—12 of the Probate Act. (*Rivera v. Taylor* (1975), 61 Ill. 2d 406, 336 N.E.2d 481.) Section 18—12 of the Probate Act also requires that all claims against the estate of decedent be filed within six months from the issuance of letters testamentary, but in addition contains a provision barring all claims unless letters are issued upon the estate within three years of the decedent's death. Ill. Rev. Stat. 1985, ch. 110½, par. 18—12.

■ Here, plaintiff was injured on December 2, 1983. Wilbur Speaker died on January 16, 1985. The letters testamentary for the estate of Wilbur Speaker were issued on February 13, 1985. The plaintiffs' amended complaint against the co-executors was not filed until December 23, 1985; therefore, their claim against the estate is barred because they failed to file it within six months of the issuance of the letters testamentary.

■ Plaintiffs' final argument is that the defendants should be estopped from pleading the statute of limitations as a defense. The plaintiffs contend that the totality of defendants' insurance company's conduct was sufficient to raise an issue of fact for the jury as to whether plaintiffs were reasonably induced to believe that the claims would be settled. The defendants claim that the plaintiffs have waived this issue by failing to raise it in the trial court below. Further, if the issue was not waived the defendants argue that the insurance company did not engage in conduct which could have reasonably induced the plaintiffs not to file suit within the limitations period.

A review of the record reveals that plaintiffs did raise the issue of equitable estoppel in response to defendants' motion to dismiss. Hence we find that they have properly preserved this issue for appellate review. In order for equitable estoppel to apply the conduct of the party against whom it is asserted must be such as to lull the other person into a false sense of security, thereby causing him to delay or waive the assertion of his rights. (*Dickirson v. Pacific Mutual Life Insurance Co.* (1925), 319 Ill. 311, 150 N.E. 256.) Some of the factors courts look to in determining whether an insurance company's conduct is such as to create a reasonable belief in the plaintiff that a claim will be paid include: (1) concession of liability by the insurer; (2)

conduct or statements by the insurer encouraging delay; (3) payments by the insurer during the negotiating period; (4) plaintiff's awareness of the statute of limitations and whether plaintiff has retained counsel. *Zaayer v. Axel* (1981), 102 Ill. App. 3d 208, 429 N.E.2d 607.

In *Zaayer*, the defendant's insurance agent had made settlement offers, paid sums in settlement of damages, and generally encouraged an amicable settlement of the claim. The settlement negotiations continued up until six months prior to the expiration of the statute of limitations. The court in *Zaayer* held that the defendant could not use the statute of limitations to escape liability, absent an affirmative showing that the settlement offers were revoked in sufficient time for the plaintiff to file suit. 102 Ill. App. 3d 208, 213, 429 N.E.2d 607, 611.

In *Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 358 N.E.2d 293, the plaintiff filed an action to recover for personal injuries against a defendant who was deceased. The summons was returned approximately one month before the expiration of the limitations period with a notation that the defendant was deceased. Plaintiff's attorney, however, never checked the return of service in the circuit clerk's file and was unaware of defendant's death. When plaintiff's attorney discovered the error he sought to file an amended complaint after the statute of limitations had run. The trial court denied defendant's motion to dismiss based on the statute of limitations but allowed the defendant to file an interlocutory appeal.

On appeal, the *Wells* court reviewed the allegations of plaintiff's attorney that the defendant's insurance carrier conceded liability, made settlement offers, made advance payments for lost wages and medical expenses, and discussed settlement both before and after expiration of the limitations period. The court concluded that the allegations were sufficient to raise a question of fact as to whether the defendant should be estopped from pleading the statute of limitations as a defense. The *Wells* court noted that although the plaintiff could have easily discovered that the defendant was dead by examining the return of service, this fact alone was not sufficient to require a ruling, as a matter of law, that plaintiff was not lulled into a belief that her claim would be settled. 43 Ill. App. 3d 973, 975, 358 N.E.2d 293, 295.

Here, as in *Wells*, the plaintiff's attorney alleged in an affidavit that the decedent's insurance carrier conceded liability, advanced payments to settle plaintiffs' property claim, and discussed settlement before and after expiration of the limitations period. The insurance company also made an offer of $15,000 to settle the plaintiffs' personal injury claim which they never revoked. We find that these allegations

are sufficient to raise a question of fact as to whether the insurance agent's conduct was such as to lull the plaintiff into a reasonable belief that the case would be settled.

We reverse the trial court's grant of defendants' motion to dismiss. The record reveals that the plaintiff demanded a jury trial, therefore, the estoppel issue should be determined by a jury. (*Loughran v. A & M Moving and Storage Co.* (1974), 17 Ill. App. 3d 119, 307 N.E.2d 794.) We remand the case to the circuit court with instructions that the issue of equitable estoppel be determined by a jury prior to and separate from the trial of the personal injury action. See *Kinsey v. Thompson* (1963), 44 Ill. App. 2d 304, 194 N.E.2d 565.

Reversed and remanded with instructions.

SCOTT, P.J., and BARRY, J., concur.