MARILYN L. PETERSON, Plaintiff-Appellant, v. SCHIEK MOTOR EXPRESS *et al.*, Defendants-Appellees.

Third District No. 3—88—0139

Opinion filed November 15, 1988.

Jack Dempsey & Associates, P.C., of Oak Brook, for appellant.

James R. Brumund, of Brumund, Belom, Jacobs & Singer, of Joliet, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Marilyn Peterson, filed a complaint against the defendants, Schiek Motor Express and Donald Carter, seeking to recover damages for injuries she received in an automobile accident. The defendants moved to dismiss on the ground that the cause of action was barred by the statute of limitations. The trial judge dismissed the complaint with prejudice. The plaintiff appeals, and we reverse.

According to the complaint, on October 3, 1983, the plaintiff and Donald Carter, who was driving as an agent of Schiek Motor Express, were involved in an automobile accident. The plaintiff sustained personal injuries as well as automobile damage.

The plaintiff's attorney alleged in an affidavit that on October 5, 1983, the defendant's insurance carrier, Providence Washington In-

surance Company (Providence), asked the plaintiff to complete some insurance forms regarding the accident. On October 12, 1983, the plaintiff mailed the forms to Robert Baynes, Jr., a claims adjustor for Providence.

On October 27, 1983, Providence mailed the plaintiff a check for $2,925 for damage to her automobile. An accompanying letter stated that the check was "in satisfaction of all property damage claims." The plaintiff endorsed the check "in partial payment of property damage claim" and received payment.

On November 16, 1983, Providence mailed a second check "in satisfaction of full and final settlement of any and all claims." Five days later, Baynes assured the plaintiff that the checks were only for personal property damages and that he would send a letter to that effect. He failed to send such a letter, however, and the plaintiff endorsed the check "in full payment of all property damage."

On November 23, 1983, Carter pleaded guilty to the offense of traveling too fast for conditions. The charge arose out of his accident with the plaintiff.

Between October 3, 1983, and August 1, 1984, Baynes phoned the plaintiff's attorney each month and asked about the plaintiff's personal injuries and her medical treatment. In the course of these conversations, Baynes told the attorney that settlement would not be made until the plaintiff was released from medical care. He also stated that litigation would not be necessary, especially in view of the amicable settlement of the personal property damage claim.

On July 30, 1984, Providence sent the plaintiff a letter requesting an authorization for the release of medical information. The letter also requested that the plaintiff's attorney contact Providence to determine how close the parties were to resolution of the case and asked for information about the plaintiff's medical care and special damages.

On July 31, 1986, the plaintiff was released from medical care for her injuries. On September 29, 1986, the plaintiff filed this personal injury action regarding the accident.

The defendants moved to dismiss the plaintiff's complaint, arguing that they should not be estopped from asserting the statute of limitations as a bar to litigation. Accompanying the motion was an affidavit from J. Stephen Bentz, a regional claims manager for Providence. He stated that he telephoned the plaintiff's attorney on October 31, 1986, and told him that the statute of limitations for the action was two years. The plaintiff's attorney stated that he believed that the limitation period was three years and that he would

check on the matter. When Bentz again telephoned the attorney on November 3, 1986, the attorney stated that he was still uncertain about the statute of limitations.

On appeal, the plaintiff argues that the trial judge erred in failing to rule that the defendants were estopped from asserting the statute of limitations as a bar to the cause of action. The plaintiff contends that Providence's conduct lulled her into a false security that the claim would be settled without litigation. She requests a jury trial for resolution of the estoppel issue. The defendants argue that their insurer did not lull the plaintiff into a false security and that the plaintiff failed to timely file suit because her attorney was mistaken about the length of the limitations period.

■ In order for equitable estoppel to apply against enforcement of the statute of limitations, the conduct of the party against whom it is asserted must have lulled the other party into a false security, causing him to delay or waive the assertion of his rights. (*Vaughn v. Speaker* (1987), 156 Ill. App. 3d 962, 509 N.E.2d 1084.) Some of the factors to be considered in determining whether an insurance company's conduct created a reasonable belief in the plaintiff that a claim would be paid include: (1) the insurer's concession of liability; (2) the insurer's conduct or statements by the insurer encouraging delay; (3) the insurer's payments during the negotiation period; (4) the plaintiff's awareness of the statute of limitations and retaining of counsel. (*Zaayer v. Axel* (1981), 102 Ill. App. 3d 208, 429 N.E.2d 607.) If a material and disputed question of fact is raised regarding the issue of equitable estoppel, the trial judge should deny the motion to dismiss if it is an action of law and a jury demand has been timely filed by the opposing party. Ill. Rev. Stat. 1987, ch. 110, par. 2—619(c).

■ According to the affidavit of the plaintiff's attorney, Providence paid for the automobile property damage and said through the adjustor that the claim would be settled without litigation after the plaintiff was released from medical care. Moreover, Carter pleaded guilty to the offense of driving too fast for conditions. We find that the plaintiff raised an issue of material fact as to whether the defendants should be estopped from asserting the statute of limitations as a bar. See *Zaayer*, 102 Ill. App. 3d at 212-13.

Accordingly, we reverse the trial judge's dismissal. Since the record reveals that the plaintiff demanded a jury trial for the underlying claim, the estoppel issue should be determined by a jury. (*Vaughn*, 156 Ill. App. 3d at 968.) We remand the case to the circuit court of Will County with instructions that the issue of equitable

estoppel be determined by a jury prior to and separate from the trial of the personal injury action. *Vaughn*, 156 Ill. App. 3d at 968.

Reversed and remanded with instructions.

BARRY and WOMBACHER, JJ., concur.