774 P.2d 839

**In the Matter of the ESTATE OF Lucille L. MEYER, deceased.**

**Dorothy M. NUPPENAU, Personal Representative of the Estate of Ruth W. Becket, Petitioner–Appellee,**

v.

**Alfred H. MEYER, as Personal Representative of the Estate of Lucille L. Meyer, Respondent–Appellant.**

**No. 1 CA–CV 88–045.**

Court of Appeals of Arizona, Division 1, Department A.

June 1, 1989.

---

Fennemore, Craig, P.C. by Louis F. Comus, Jr., and Brenda K. Church, Phoenix, for petitioner-appellee.

---

David W. Curtis, P.C. by Ronald L. Maksym, Phoenix, for respondent-appellant.

## OPINION

JACOBSON, Presiding Judge.

This appeal presents issues concerning the proper procedure for pursuing a claim in probate for wrongful distribution of estate assets against a deceased distributee whose estate had no appointed personal representative, and the effect of a limitation statute on that claim.

Both the procedural and factual background of this litigation are somewhat complex. Ruth W. Becket and Lucille L. Meyer were sisters. The appellee, Dorothy M. Nuppenau, is the daughter of Lucille and the niece of Ruth. Appellant, Alfred H. Meyer, was the husband of Lucille at the time of her death, but is currently unrelated to Dorothy.

Ruth Becket died on January 1, 1984. Although a copy of a will existed that made her niece, Dorothy, the sole devisee of Ruth's estate, the original of that will could not be found. As a result, Ruth's estate was probated as if she died intestate and the entire estate consisting of approximately $73,000 was, on January 23, 1985, distributed to her sister, Lucille. Dorothy took no action in her aunt Ruth's estate to establish the contents of the missing will under A.R.S. § 14-3415, and appeared content to allow her aunt's estate to pass to her mother.

On February 3, 1986, Ruth's original will was discovered, which indeed made Dorothy her sole devisee. On June 23, 1986, Dorothy's mother, Lucille, to whom Ruth's estate had been distributed, died. It appears that prior to her death Lucille took the bulk of Ruth's estate and placed it in joint tenancy accounts with her husband, appellant Meyer.

Against this background the present litigation arose. On December 31, 1986, six months after her mother's death and one day less than three years after her aunt's death, Dorothy filed a petition in her aunt Ruth's estate seeking the formal probate of Ruth's will. She also sought to have herself appointed as personal representative and sought to recover the proceeds of Ruth's estate previously distributed to Lucille, her mother. The sole notice of this proceeding was a mailed notice of her petition addressed to her deceased mother, Lucille, in care of Alfred Meyer, personally, but not as a representative of Lucille's estate. No personal representative at that time had been appointed for Lucille's estate.

On January 27, 1987, the probate court entered an order admitting Ruth's will to probate, appointing Dorothy as personal representative of Ruth's estate, and authorizing Dorothy to pursue recovery of the improperly distributed property of Ruth's estate or its value from the distributee, Dorothy's deceased mother, Lucille. Lucille's estate, however, still had no appointed personal representative.

With this order in hand, on February 18, 1987, Dorothy filed this action seeking probate of Lucille's estate. Dorothy alleged that she was both Lucille's daughter and a creditor of her estate, and that Lucille's surviving spouse had failed to file probate proceedings in the seven months since Lucille's death. She also alleged she had a claim against Lucille's estate for Ruth's assets that had been improperly distributed to Lucille. Dorothy requested that she be appointed as personal representative of Lucille's estate.

In response, Alfred Meyer submitted a copy of a will executed by Lucille naming him as sole devisee and designating him as personal representative of her estate. Meyer requested that the court find that Dorothy had no cause of action against Lucille's estate and that her petition be dismissed. Alternatively, he requested that Lucille's will be admitted to probate and that he be appointed personal representative of her estate.

Meyer then moved for summary judgment, arguing that Dorothy was barred from making a claim against Lucille's estate because she had failed to properly commence an action against Lucille, as a distributee of Ruth's estate, within the limitation period provided in A.R.S. § 14-3936

for recovering property wrongly distributed, because she had failed to serve notice on Lucille's estate within three years of Ruth's death. Additionally, he argued that the value of Lucille's estate was insufficient to warrant the initiation of probate proceedings. He testified that Lucille had placed all her property, with the exception of assets totalling $3,040, in joint ownership accounts to pass to him at her death as nonprobate property.

The trial court denied Meyer's motion and granted Dorothy's cross motion for summary judgment, finding that her claim to recover assets of Ruth's estate had been filed within the three year statutory limitation period and that Dorothy was entitled to pursue recovery of the improperly distributed property from Lucille's estate pursuant to the order issued in Ruth's probate proceedings. Meyer appeals from the trial court's granting of summary judgment to Dorothy.

## Statute of Limitations

A.R.S. § 14–3936 provides in relevant part that:

> [T]he right of any heir or devisee or of a successor personal representative acting in their behalf, to recover property improperly distributed or the value thereof from any distributee is forever barred at the later of:
>
> 1. Three years after the decedent's death.
>
> 2. One year after the time of distribution thereof.

Dorothy concedes that she did not meet the one-year limitation period after distribution of Ruth's estate, but contends that the filing of the petition in Ruth's estate on December 31, 1986, which was within three years of Ruth's death on January 1, 1984, makes her claim timely. Meyer argues that the filing of this petition does not constitute an action to "recover" within the meaning of A.R.S. § 14–3936.

We need not decide this issue, for assuming that the petition in Ruth's estate constituted a claim for recovery, in our opinion,

Dorothy's claim against Lucille's estate is still barred.

A.R.S. § 14–3909 provides in part:

> [A] distributee of property or money improperly distributed ... is liable to return the property improperly received and its income since distribution if he has the property....

Thus, it is only the distributee, in this case Dorothy's mother, Lucille, who is liable to Dorothy for improperly receiving the assets of Ruth's estate. Therefore, the claim for recovery required to be brought within three years of Ruth's death must be against Lucille, the distributee. Unfortunately, at the time the claim against Lucille was asserted, she was dead. Dorothy was therefore required to make her claim against Lucille's estate.

A.R.S. § 14–3104 provides in part:

> No proceeding to enforce a claim against the estate ... may be ... *commenced* before the appointment of a personal representative.

Moreover, for "purposes of [the] statute of limitations" imposed by A.R.S. § 14–3936, A.R.S. § 14–3802 defines "commencement of a claim":

> the proper presentation of a claim under § 14–3804 is equivalent to commencement of a proceeding on the claim.

Under A.R.S. § 14–3804, a "proper presentation" occurs when the claim is presented to the personal representative by delivery or mail, of a written statement of the claim. Thus, the statutory scheme is clear: in order to avoid the defense of the statute of limitations, Dorothy needed to make a claim against the deceased Lucille by presenting it to Lucille's personal representative before the running of the statutory period; here, within three years of Ruth's death.

This statutory interpretation is in accord with cases from other jurisdictions that hold when the claim is against a decedent, the action must be commenced against the personal representative of the decedent within the applicable statutory period (or an additional grace period granted because of the death of the defendant), or the claim is barred. *See, e.g., Vaughn v. Speaker,*

**538**

156 Ill.App.3d 962, 109 Ill.Dec. 245, 509 N.E.2d 1084 (1987) (holding that action filed against a dead person that did not name the decedent's personal representative did not toll the statute of limitations because "a dead person cannot be a party to a suit and a suit against a dead person does not invoke the jurisdiction of the trial court."). Here, even if we consider Dorothy's petition in Ruth's estate to be a claim against Lucille, that claim did not stop the running of the statute of limitations because no claim was presented to Lucille's personal representative. Dorothy did not attempt to have a personal representative of Lucille's estate appointed until February 18, 1987, after the statute of limitations imposed by A.R.S. § 14–3936 had expired, more than three years after Ruth's death. Furthermore, Dorothy's attempt to serve notice on the estate by mailing it to her deceased mother in care of Meyer, who was not the personal representative of Lucille's estate, did not constitute a "presentation" of her claim against the estate. *See* A.R.S. § 14–3804.

Dorothy argues that her attempt to have a personal representative of Lucille's estate appointed on February 18, 1987, was timely because she is entitled to the "4 month add on" provided by A.R.S. § 14–3802 to extend the three year limitation imposed by A.R.S. § 14–3936. The pertinent portion of A.R.S. § 14–3802 provides:

> The running of any statute of limitations *measured from some other event than death* ... is suspended during four months following the decedent's death....

Here, the limitation imposed by A.R.S. § 14–3936 ("three years after the decedent's death) is one measured by death (Ruth's) and therefore the statute by its own terms is inapplicable.

### Conclusion

Dorothy was limited to seeking return of improperly distributed assets of Ruth's estate from Lucille, the distributee. Upon Lucille's death the return of assets had to be sought against the personal representative of Lucille's estate within the statutory period allowed for such a claim in Ruth's estate. Dorothy failed to take timely action against a personal representative; therefore, her claim was barred by A.R.S. § 14–3936. The judgment in favor of Dorothy is reversed and the matter remanded with directions to enter judgment in favor of Lucille's estate.

GERBER and BROOKS, JJ., concur.