*In re* ESTATE OF JESS H. WAGLER, Deceased (Donald R. Clark *et al.*, Claimants-Appellants, v. Lucy Weeks, Residuary Legatee-Appellee (Kevin J. Stark, Ex'r, Defendant-Appellee)).

Third District   No. 3—90—0760

Opinion filed August 23, 1991.

McNeil & McNeil, of Mason City (Charles L. McNeil, of counsel), for appellants.

David A. Benckendorf, of Peoria, for appellee Lucy Weeks.

Susan Butler, of Morton, for appellee Kevin J. Stark.

JUSTICE GORMAN delivered the opinion of the court:

This appeal pertains to a claim filed in the estate of J.H. Wagler (also known as Jess H. Wagler), deceased. The executor, Kevin J. Stark, and one of the residuary legatees, Lucy Weeks, filed separate motions for judgment on the pleadings with respect to the claim filed by Donald R. Clark. The circuit court granted the motion filed by the legatee and entered judgment in favor of the estate and against the claimant. The claimant appeals. We reverse and remand.

As a preliminary matter, the legatee has filed a motion to strike the statement of facts contained in the claimant's brief on appeal. This motion is granted to the extent that the statement of facts contains averments without basis in the record. We hasten to point out, however, that this court may look to the record to discern facts not cited by the parties.

J.H. Wagler died testate on September 18, 1989. On October 5, 1989, letters testamentary were issued to Kevin J. Stark as executor of the estate. Public notices were published beginning on October 18, 1989, stating that claims against the estate were required to be filed within six months of the issuance of letters testamentary. On March 29, 1990, Donald R. Clark filed a verified claim against the estate for $75,000, which stated that the nature of the claim was as follows:

> "Jess Wagler was the farm manager and/or executor of Katie Wagler's Estate and as such he encouraged and required Claimant to expend moneys for improvements on the land owned by Katie Wagler, which should have been made by the

estate rather than claimant, as claimant has been required to protect his investment by purchase of the land."

On June 18, 1990, claimant filed a revised claim, also verified, substantially similar to the original claim, but which stated that the nature of the claim was as follows:

"Decedent, Jess E. [sic] Wagler, was appointed the Executor of the Estate of Katie J. Wagler, and pursuant to the Last Will and Testament of the said Katie J. Wagler, Decedent was devised and given a life estate in all farm lands owned by Katie J. Wagler, including the farm occupied by Claimant, Donald Clark, conditioned upon the Decedent's permitting Claimant, Donald Clark, to continue operating the said farm as a tenant under the same lease terms as existed on the date of the death of Katie J. Wagler. Upon the death of Katie J. Wagler, Decedent as Executor of her estate, or as life tenant or as farm manager, encouraged and required Claimant to expend moneys for improvements and maintenance on the lands rented to Claimant which should have been paid by the Decedent as Executor of Katie J. Wagler's Estate, as landlord or as farm manager, as the Claimant has been required to protect his investment by purchase of the land. Claimant's expenditures are attached as well as a copy of the document dated April 11, 1988, the Last Will and Testament of Katie J. Wagler."

The listing of expenditures attached to the revised claim showed a total of $78,716.33. No copy of Katie J. Wagler's will has been included in the record on appeal.

On July 12, 1990, the legatee filed a motion for judgment on the pleadings. The executor filed a separate motion for judgment on the pleadings on July 17, 1990. Both motions argued that the claimant in his verified claims had made "judicial admissions" that his claim was properly against the estate of Katie J. Wagler, and not the estate of J.H. Wagler. The legatee's motion argued that the actions of J.H. Wagler which allegedly gave rise to the claim would have been done by him as agent for Katie J. Wagler's estate, and as such J.H. Wagler could not have been personally liable on any such claim.

On August 3, 1990, the trial court entered an order granting the motion for judgment on the pleadings filed by the legatee, and entered judgment on the claim in favor of the estate and against the claimant. In its order the trial court made the following findings:

"1. [Claimant's] judicial admissions provide that claimant knew that J.H. Wagler was acting as agent [and/or] personal

representative of the Estate of Katie Wagler at all times relevant to this claim.

    2. J.H. Wagler, as agent [and/or] personal representative of the Estate of Katie Wagler, is not personally liable to claimant, pursuant to case law [and] the Illinois Probate Act."

On August 28, 1990, the claimant filed a motion to vacate the order of August 3, 1990. Without comment that appears of record, the trial court denied the claimant's motion to vacate on September 17, 1990. Claimant filed a notice of appeal on October 11, 1990.

    The claimant raises three issues on appeal: (1) whether the trial court erred in granting judgment on the pleadings; (2) whether the trial court erred in finding J.H. Wagler not personally liable for the claim by virtue of acting as agent or personal representative for the estate of Katie Wagler; and (3) whether the trial court erred in denying the claimant's motion to vacate the judgment on the pleadings.

    ■ Section 18—2 of the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 18—2) states:

"Every claim [that is] filed [against an estate] must be in writing and state sufficient information to notify the representative of the nature of the claim or other relief sought."

Technical legal form is not required in presentation of a claim against an estate, and proceedings in probate court for the allowance of claims are not governed by the technical rules which apply to a formal suit at law. (See *Sheetz v. Morgan* (1981), 98 Ill. App. 3d 794, 800, 424 N.E.2d 867, 871-72.) A motion for judgment on the pleadings, applicable to a formal suit at law by section 2—615(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(e)), has no application to the adjudication of a claim against an estate, at least where the claim need only comply with section 18—2 of the Probate Act. Therefore, in at least a technical sense, the trial court erred in granting a motion for judgment on the pleadings in this case.

    Overlooking the form of the motions for judgment on the pleadings, we next examine whether the claim was properly denied as one that could not possibly have been a personal liability of J.H. Wagler. In *Thomas v. Gouwens* (1975), 25 Ill. App. 3d 663, 323 N.E.2d 829, the appellate court stated:

"The rule is well settled that a guardian, executor, administrator, trustee, or other person acting in such relation, in a contract with third persons binds himself personally, unless he exacts an agreement from the person with whom he contracts to look to the funds of the estate exclusively. [Citation.]

The rationale of the rule is clear. An executor or administrator has no power to bind the estate by any contract originating with himself. He may make disbursements out of estate funds for purposes authorized by law, *but he may not create a liability [of the estate] not founded upon a contract or obligation of the testator or intestate.* [Citation.] Thus, although the contract may be made for the benefit and in the interest of the estate, if made upon new and independent consideration, the executor or administrator may be sued in his individual capacity and not as a representative. The fact that an executor or administrator is identified in a contract as a representative does not affect the rule, and although he may be named in the declaration or complaint as a representative, this will be considered merely *descriptio personae* and will be treated as surplusage or as only to show the nature and origin of his liability." (Emphasis added.) *Thomas*, 25 Ill. App. 3d at 666, 323 N.E.2d at 831.

The trial court found that J.H. Wagler, acting in his capacity as executor of the estate of Katie Wagler, was an agent for the estate. The trial court concluded, apparently reasoning from agency law, that J.H. Wagler incurred no personal liability for his actions as executor. However, the quoted passage demonstrates that the relationship of an executor to an estate differs from that of an agent to a principal in that an executor cannot make the estate liable to a third party, whether by contract or otherwise.

■ The claim and the revised claim essentially allege that J.H. Wagler in some listed capacity (as executor of the estate of Katie Wagler, as landlord, as life tenant, or as farm manager) wrongfully required claimant to expend moneys that allegedly should have been expended by J.H. Wagler in one or more of those capacities. The allegedly wrongful conduct of J.H. Wagler as executor of the estate of Katie Wagler would have to have occurred subsequent to the death of Katie Wagler, and so could not have created a liability of the estate of Katie Wagler. Any liability arising from the allegedly wrongful acts of J.H. Wagler would have been his personal liability, and, therefore, it was error for the trial court to deny the revised claim on the basis that J.H. Wagler could not have been personally liable to the claimant.

The executor argues in his brief that the claim is time barred by virtue of section 13—209(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—209(b)). That section states as follows:

"If a person against whom an *action* may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, an *action* may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 13—209(b).

This case involves a claim filed in an estate, and not an independent lawsuit. Section 13—209(b) discusses when an "action" may be commenced, and in our view is not applicable to a claim filed in an estate.

■■ While a claim filed within the time limits of section 18—12 of the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 18—12) nonetheless might be denied for being time barred under general statutes of limitation, there has been no showing that this claim is so time barred. We reject the executor's argument that *Vaughn v. Speaker* (1987), 156 Ill. App. 3d 962, 509 N.E.2d 1084, *aff'd* (1988), 126 Ill. 2d 150, 533 N.E.2d 885, lends support to the proposition that section 13—209(b) sets an outer limit of six months after a person's death for filing an action against his or her personal representative when the intended defendant dies before suit is brought. On the contrary, section 13—209(b) is a saving provision allowing suit to be filed after the expiration of the otherwise applicable limitation period so long as certain criteria are met. No showing has been made that the otherwise applicable limitation period had expired prior to the filing of the claim in this case.

For the reasons discussed, we reverse the judgment of the circuit court and remand this cause for further proceedings.

Reversed and remanded.

McCUSKEY and SLATER, JJ., concur.