*In re* ESTATE OF WILBUR P. SPEAKER, Deceased (Janet D. Vaughn *et al.*, Petitioners-Appellants, v. Adeline Speaker *et al.*, Co-Exr's, Respondents-Appellees).

Third District   No. 3—91—0330

Opinion filed October 22, 1992.—Rehearing denied December 1, 1992.

Randall K. Reese, of Reese & Reese, of Rockford (William E. Gottfred, of counsel), for appellants.

Bozeman, Neighbour, Patton & Noe, of Moline (Robert J. Noe, of counsel), for appellees.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Wilbur P. Speaker died on January 16, 1985, and his estate was opened on February 13, 1985. On November 24, 1986, petitioners Janet D. Vaughn and Richard L. Vaughn filed a claim against the estate based on personal injuries they allegedly suffered as a result of an automobile accident with the deceased, which occurred on Decem-

ber 2, 1983. According to the claim, the deceased was insured by a policy of insurance which was not inventoried. On motion of the respondent co-executors, the Vaughns' claim was dismissed on the ground of time-barring. Petitioners appeal. We affirm.

Initially, we note this is the second appeal involving these parties. The facts underlying the first appeal are set forth in decisions of this court (156 Ill. App. 3d 962, 509 N.E.2d 1084) and our supreme court (126 Ill. 2d 150, 533 N.E.2d 885), and need not be repeated here in detail. At issue in the first appeal was whether petitioners' tort complaint against the co-executors was subject to dismissal on the ground of time-barring. We ruled that sufficient facts were there alleged to raise a triable issue of whether the co-executors are estopped from asserting a statute of limitations defense, and remanded the cause for further proceedings. (156 Ill. App. 3d at 968, 509 N.E.2d at 1088.) Our supreme court affirmed. (126 Ill. 2d at 767, 533 N.E.2d at 892.) The United States Supreme Court denied the Vaughns' petition for writ of *certiorari*. *Vaughan v. Speaker* (1989), 492 U.S. 907, 106 L. Ed. 2d 568, 109 S. Ct. 3218.

The instant action in probate was filed, as aforesaid, in November 1986 while the appeal was pending on the tort case. After finally exhausting the appeals process, rather than proceeding with the tort cause of action, petitioners elected to pursue their claim in probate. On July 2, 1990, the circuit court consolidated the two causes. As aforesaid, the co-executors thereafter moved to dismiss the claim against the estate on the ground that the claim was filed more than six months after issuance of letters testamentary. The circuit court granted the co-executors' motion on April 5, 1991, and petitioners brought this appeal.

Respondents initially posit that this court lacks jurisdiction to hear the appeal because it is interlocutory by reason of the pendency of the tort cause of action, and the circuit court did not make the required finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Petitioners argue that the two causes involve separate issues and that they retain separate docket numbers in the circuit court notwithstanding the court's *sua sponte* order of consolidation. In the interest of judicial economy, we choose to decide this case on its merits.

The arguments put by petitioners are: (1) that petitioners' due process rights were violated by the estate's failure to notify petitioners of decedent's death and the applicable claim period; and (2) that the estate's failure to inventory decedent's policy of automobile insurance extends the limitation period for petitioners' claim to January 16, 1988 (Ill. Rev. Stat. 1989, ch. 110½, par. 18—12(b)).

In *Tulsa Professional Collection Services, Inc. v. Pope* (1988), 485 U.S. 478, 99 L. Ed. 2d 565, 108 S. Ct. 1340, the Supreme Court considered the constitutional sufficiency of notice to creditors by publication under Oklahoma's two-month nonclaim statute. The Court initially found that sufficient government action accompanied the statute there at issue to implicate the due process clause and that creditors have protected property interests in their claims against a debtor's estate. (485 U.S. at 487-88, 99 L. Ed. 2d at 577, 108 S. Ct. at 1346.) Accordingly, the Court ruled, publication alone may not satisfy due process requirements as to known creditors of an estate. As to such creditors, actual notice of the running of the claim period must be shown.

In Illinois, where a six-month nonclaim period is provided by statute, applying the *Tulsa* rule has not always resulted in a ruling favorable to the claimant. Most recently, in *In re Estate of Doyle* (1992), 229 Ill. App. 3d 995, 594 N.E.2d 774, we found that a known creditor who had actual knowledge of facts sufficient to file a claim within a week of the decedent's death was not deprived of his right to due process by the estate administrators' failure to provide actual notice of the applicable claim period.

■ The case before us, likewise, does not fall within the rule of *Tulsa*. Here, the statutory claim period extended from February 13, 1985, until August 13, 1985. Petitioners' tort suit against decedent was not filed until November 27, 1985, more than three months after the claim period had closed. That action was declared a nullity in the prior appeal. Petitioners' second tort action naming the co-executors was not filed until December 23, 1985. And, as stated in our supreme court's opinion on review of the tort action, "there is no indication or assertion that either co-executor knew prior to the running of the [two-year] statute of limitations that a complaint had been filed." (126 Ill. 2d at 160.) Since there is no allegation that the respondents knew of petitioners' interest in the estate prior to December 2, 1985, the date the limitations period expired on the tort action, it cannot be said that petitioners were "known creditors of the estate" entitled to notice pursuant to *Tulsa*.

■ Similarly, we find no relief for petitioners under section 18—12 of the Probate Act of 1975. At the time the probate estate was opened, section 18—12 of the Probate Act of 1975 read as follows:

> "a) All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed with the representative or the court within 6 months after the entry of the original order directing issuance

of letters of office are barred as to all of the decedent's estate ***; but this Section does not bar actions to establish liability of the decedent to the extent the estate is protected by liability insurance.

b) *** all claims barrable under this Section are, in any event, barred unless letters of office are issued upon the estate of the decedent within 3 years after decedent's death." Ill. Rev. Stat. 1985, ch. 110½, par. 18—12.

Petitioners argue that this section extends the claim period for three years where the asset against which they have filed (decedent's liability insurance policy) is not inventoried in the estate. Since letters of office were issued within a month of decedent's death, the three-year provision in subparagraph (b) has no application.

Moreover, respondents correctly point out that none of the cases cited by petitioners support their theory that an otherwise barred tort action may be revived pursuant to this section of the Probate Act after the expiration of the six-month claim period. In this case, unlike those cited by petitioners, both the tort limitations period and the probate claim period had expired before suit was brought against the co-executors. Thus, the fact that the insurance policy was not inventoried as a potential asset of the estate does not improve petitioners' position. Unlike the tort suit, which remains on the circuit court's docket for further consideration of petitioners' estoppel defense, the probate suit may not be saved by application of equitable principles. (*In re Estate of Worrell* (1981), 100 Ill. App. 3d 566, 570, 427 N.E.2d 196, 199, citing *In re Estate of Ito* (1977), 50 Ill. App. 3d 817, 820, 365 N.E.2d 1309, 1311.) Accordingly, we affirm the judgment of the circuit court of Whiteside County dismissing petitioners' claim.

Affirmed.

GORMAN and HAASE, JJ., concur.